Draper, Trustee, &c. *v.* Cambridge.

——————————◆◆◇——————————

## DRAPER, Trustee, &c. *v.* CAMBRIDGE.

COMMON SCHOOLS—PLEADINGS.—In an application for a mandate to enforce the admission of a person to a common school, the complaint should affirmatively show that the applicant is under twenty-one and not under five years of age, and unmarried, and neither a negro nor mulatto, nor the son or daughter of a mulatto, or such complaint will be defective on demurrer.

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—Complaint by the appellee against the appellant for a writ of mandate.

Demurrer to the complaint overruled and exception.

Such further proceedings were had as that final judgment was rendered for the plaintiff.

Among the errors assigned, is that of overruling the demurrer to the complaint; which is as follows:

"The plaintiff complains of the defendants, and says that he is a resident in shool district No. 6, in *Pike* township, in said county; that the said defendant, *James Draper*, is the acting trustee of said district, and that the said *John Hughes* is now teaching a free public school in said district, employed

Draper, Trustee, &c. v. Cambridge.

by said *Draper;* that the plaintiff, on the — day of *October,* 1861, being under the age of 21 years, and being neither a negro nor mulatto, nor the son of a mulatto, demanded admittance into said school as a scholar; that said defendants refused to admit said *John Cambridge* to the privileges of said school, and refused to recognize him as a scholar in said school, to his damage 500 dollars. Wherefore the plaintiff prays that a writ of mandate issue, by order of this Court, to compel said defendants to admit said *John W. Cambridge* as a scholar in said school, or show cause why he should not be admitted, and for such other and further relief as is just and right."

No further notice seems to have been taken of *Hughes,* and judgment was rendered against *Draper* only.

We think *Draper's* demurrer to the complaint should have been sustained. Only unmarried persons, between the ages of 5 and 21 years, are to be enumerated and have the benefit of the common schools. Acts 1861, p. 71, sec. 12. The complaint should have averred that the plaintiff was over 5 years of age, and unmarried; or at least it should have averred that he was entitled to admission, as a scholar, into the school; neither of which is done. It was as necessary to be shown that the plaintiff was over 5 years of age, as it was that he was under 21; and that he was unmarried, as that he was neither a negro, mulatto, nor the son of a mulatto. It does not appear from the allegations that the plaintiff was entitled to admission as a scholar into the school, and hence no ground is shown for the issuing of the mandate.

The case of *The Board of Commissioners of LaGrange Co.,* v. *Cutler,* 7 Ind. 6, is conclusively in point, that facts must be stated to show that the party is entitled to the mandate.

*Per Curiam.*—The judgment below is reversed, with cost.

*N. B. & C. Taylor,* for the appellant.

*J. A. Beal,* for the appellee.