FOGLE, Trustee of SPRINGFIELD Township, FRANKLIN County, *v.* GREGG.

| 26 | 345 |
|----|-----|
| 143 | 88 |
| 26 | 345 |
| 156 | 530 |

SCHOOL LAW.—TRANSFER FOR SCHOOL PURPOSES.—An appeal lies to the county examiner from the decision of the township trustee upon the application of an inhabitant to be transferred for school purposes to another township, and this remedy being provided by statute, a mandate will not lie against the trustee.

APPEAL from the *Franklin* Circuit Court.

FRAZER, J.—This was an application for a mandate to compel a township trustee to transfer an inhabitant of his township to a school district of an adjoining township. It was alleged that the plaintiff, when the trustee was making the first enumeration of children under the act of 1865, made the proper application for such transfer, which was refused, though the applicant could be better accommodated at the school in the adjoining township. A demurrer to the complaint was overruled, and, the appellant refusing to answer further, the mandate was awarded.

The question presented for our consideration is whether an appeal lies to the county examiner from the action of the trustee complained of. If so, that is a plain remedy and must be pursued, and the mandate cannot be obtained.

It is provided by the sixteenth section of the act concerning common schools, (Acts 1865, p. 8,) that "when persons can be better accommodated at the school of an adjoining township," &c., "the trustee of the township in which such persons reside shall, if such persons so request," &c., "transfer them for educational purposes to such township." This is the only authority contained in the act for transferring any person for school purposes to a township other than that in which he resides. The right to be so transferred is not absolute, depending

upon the mere choice of the citizen, like the right to be attached to any school district within his township. It can only be claimed if he "can be better accommodated" by such transfer, and the power of the trustee to make the transfer depends upon the existence of that condition. Of necessity, then, he must determine whether or not the condition exists, and act upon such determination. But his decision is not final. Section 164 of the act expressly provides for an appeal to the examiner from all decisions of trustees "relative to school matters," and for the purpose of preventing, as far as can be, vexatious and expensive litigation in the courts, the same section provides that the decision of the examiner shall be final as to certain matters, among which is enumerated "transfers of persons for school purposes."

The judgment is reversed, with costs, and the cause remanded, with directions to proceed according to this opinion.

*T. B. Adams* and *F. Berry*, for appellant.
*G. Holland* and *C. C. Binkley*, for appellee.