## DUCKWORTH ET AL. *v.* HIBBS ET AL.

WILL.—*Probate before Clerk.*—*Deposition.*—Where a will is offered for probate
before the clerk in vacation, depositions cannot be taken and used to establish
the due execution of the will.

SAME.—*Contest on Probate under Secs.* 38, 39.—When a contest has been made
on the probate, under section 38, 2 G. & H. 558, the party making the con-
test cannot proceed to contest the will or the probate thereof as provided for by
section 39, *id.*

APPEAL from the Putnam Common Pleas.

WORDEN, C. J.—Amos Hibbs died childless, at said county
of Putnam, in November, 1866, but leaving Eliza Hibbs, his
widow, and, as is alleged, his sole heir at law. Letters of
administration were granted upon his estate, by the court of
common pleas of that county, to Thomas S. Vermilion.

On the 29th of May, 1867, Rachael Duckworth and others
produced before the clerk of said court of common pleas a
paper purporting to be the last will and testament of said
Amos Hibbs, and purporting to be attested by John May
and James P. Day, and bearing date May 21st, 1849. Said
Duckworth and others also filed a petition before said clerk,

Duckworth *et al. v.* Hibbs *et al.*

asking that said paper be admitted to probate as the last will and testament of said Amos Hibbs; and for that purpose, that the deposition of John May, who was old and infirm, and a non-resident of the State, and whose personal attendance could not be procured, be taken. The clerk ordered the deposition to be taken, and issued a *dedimus.* The deposition was accordingly taken and returned to the clerk. Notice of the time and place of the taking of the deposition was served on Eliza Hibbs, but not on Vermilion, the administrator, neither of whom was a party to the proceeding to prove the supposed will.

On the 25th of July, 1867, the deposition of May having been published by the order of the clerk, and the clerk having examined James P. Day, the other subscribing witness to the supposed will, and one Jonathan F. Duckworth, the will was ordered to be admitted to probate, on the testimony of the three witnesses, which was properly transcribed by the clerk.

It may be properly remarked here, in order to avoid the necessity of again recurring to the point, that the proof taken before the clerk, exclusive of the deposition of May, fell quite short of establishing the due execution of the will by the supposed testator, as required by section 30, 2 G. & H. 557.

On the 7th of September, 1867, this action was commenced by the appellees, Eliza Hibbs, the widow, and Vermilion, the administrator, against the appellants, devisees and legatees under the supposed will, to contest and set aside the probate thereof, alleging the insufficiency and illegality of said probate. The entire proceedings had before the clerk, as recorded by him, are made a part of the complaint.

A demurrer to the complaint for the want of sufficient facts, etc., was filed by the defendants, but was overruled, and they excepted. The defendants declining to answer further, final judgment was rendered, setting aside the probate of the will. From the judgment thus rendered the

defendants below appeal to this court for a review of the ruling of the court below on the demurrer.

Wills may be admitted to probate before the clerk in vacation. 2 G. & H. 556, section 22. But if, before the probate, objection is made thereto by any person, as provided for, then the matter goes over, and is to be determined by the court. *Id.* 558, section 38.

The proceeding in the present instance was an *ex parte* one before the clerk, and not an adversary one in court on resistance being made to the probate; and the main question is, whether in such cases depositions can be taken and used to establish the due execution of a will.

There are two considerations that seem to be decisive of this question, and against the admissibility of depositions in such cases.

First. There is provision made, in the statute concerning the execution and probate of wills, for subpœnaing witnesses to appear and testify, but none for taking their depositions. There is also provision that if the subscribing witnesses be dead, or out of the State, or have become incompetent, proof of the handwriting of the testator or of the subscribing witnesses may be received. There is also provision that the testimony shall be written down, subscribed by the witness, examined and attested by said clerk with his signature and seal of office. 2 G. & H. 556, secs. 24, 26, 30. These provisions seem to contemplate a personal *appearance* of the witnesses before the clerk, and a personal examination of them by or before him.

Second. The proceeding before the clerk is necessarily *ex parte*. If adversary, it must go before the court. The statute providing for the taking of depositions contemplates proceedings of an adversary character, and provides for giving the adverse party notice. 2 G. & H. 174, sec. 266. Here there was no adverse party. It seems to be clear that the deposition of May was improperly received and acted upon by the clerk; and we have already seen that without his testimony the proof was insufficient.

We do not express an opinion as to the admissibility of depositions where resistance is made to the probate and the matter is tried by the court.

The plaintiffs below had the right, in the mode adopted, to contest the validity of the probate of the will; and upon it appearing that the proof was incompetent, it was the duty of the court to revoke the probate. 2 G. & H. 559, secs. 39–42.

The appellants claim that the appellees should have appealed from the order probating the will. There is no provision in the statute authorizing an appeal from the action of the clerk; but there is from the action of the court. *Id.* 560, secs. 43–45. If the appellees had resisted the probate of the will in the manner provided for by section 38, and had the cause been tried by the court, then it would seem that their only remedy would have been an appeal to the circuit or Supreme Court, under sections 43 and 45. Where a contest is made as provided for in section 38, resulting in the establishment of the will, we do not think the party making the contest can afterward proceed to contest the will or the probate thereof, as provided for by section 39. He has had his day in court, and must accept the final result of that litigation as an end of the controversy.

Section 39 was intended to apply to persons who had not contested the validity or the probate of the will, as provided for in section 38. Such persons have had no day in court, and by section 39 they have three years after the will has been offered for probate, in which to contest its validity or the probate thereof.

We are clear that the ruling below on the demurrer was right, and, therefore, that the judgment should be affirmed.

The judgment below is affirmed, with costs.

*F. T. Brown,* for appellants.

*S. Turman* and *J. Birch,* for appellees.