Filed December 17, 1895.

---

No. 17,391.

EDWARDS ET AL., TRUSTEES OF THE SCHOOL CITY OF PERU, *v.* STATE, EX REL. KESLING.

COMMON SCHOOLS.—*Transfer of Pupil from One School Corporation to Another.*—The trustee of a school corporation cannot deny a new transfer of a pupil from the school corporation of his residence in pursuance of section 5959, R. S. 1894, for a year subsequent to that when the original transfer was made, where it has enumerated such pupil in the last enumeration as transferred for such subsequent year and received the distribution of the State school tax and other funds based on such enumeration, and levied and collected a part of all the school taxes upon the property of his father placed upon the duplicate of the year in question under the law concerning transfers, and admitted the pupil to the school for the greater part of the school year.

SAME.—*Transfer of Pupil.*—The transfer for school purposes authorized by section 5959, R. S. 1894, providing that when persons can be better accommodated at the school of an adjoining township or of any incorporated town or city, the trustee of the school corporation in which they reside shall, upon request, at the time of making the enumeration, transfer them for educational purposes, is only for the next school year; and a person so transferred must request and

procure a transfer at the time of making the enumeration each year so long as he wishes the same to continue.

SAME.—*Transfer of Pupil.—School Town—School City.*—A transfer for school purposes may be made from any school corporation, including a township, to another in the same or adjoining county, under section 5959, R. S. 1894, providing that when persons can be better accommodated at the school of an adjoining township or of any incorporated town or city, the trustee of the school corporation in which they reside shall, at such person's request, transfer them for educational purposes, when construed with sections 5958, 5960, but a transfer cannot be made to a township unless it adjoins the school corporation from which the transfer is made.

SAME.—*Transfer from One School Corporation to Another.—Appeal to County Superintendent.*—A transfer of a person for school purposes by the trustee of a township to another town or city, under section 5959, R. S. 1894, becomes final after the lapse of thirty days from the giving of the notice of such transfer to the trustee of the town or city to which the transfer is made, required by that section, without an appeal to the county superintendent, as provided by section 6028, authorizing an appeal to such superintendent from all decisions of trustees relating to school matters, and that such appeals shall be governed by the rules relating to appeals from justices of the peace to circuit courts.

From the Miami Circuit Court.

*Mitchell & Cole*, for appellants.

*W. B. McClintic*, for appellee.

MONKS, J.—This action was brought April 23, 1894, by the relator Kesling, to compel appellants, trustees of the School City of Peru, to admit his children of school age to the public schools of the city.

The complaint alleges that relator resides in Pipe Creek township, Miami county, and in 1891, being a resident of said township, was at his request transferred to the School City of Peru, by the trustee of said township; that ever since that time his property, real and personal in said township, has been assessed and school tax was levied thereon each year at the rate fixed for the School City; that he has paid all said taxes, and said

Edwards *et al.*, Trustee School City of Peru, *v.* State, *ex rel.* Kesling.

School City has received the same; that at the enumeration of 1893, his child of school age was enumerated as a pupil transferred to said School City; and that said School City has received the proportion of State school tax distributed by reason of the enumeration of said child; that on April 17, 1894, appellants, as trustees of said School City, passed an order excluding from the schools of said city all children who do not reside within the corporate limits of said city; that appellants gave relator notice of said order, and refuse to admit said child to the public schools of said city.

An alternative writ of mandamus was issued and served on appellants. Appellants demurred to the complaint and alternative writ for want of facts, which demurrer was overruled.

Appellants filed a return to the alternative writ alleging that a peremptory writ of mandate should not issue against them requiring them to admit the child to the public schools of said city for the following reasons: That the city school buildings were built exclusively by taxation of property and polls within the corporate limits of said city; that no part of the cost of the same was paid by taxing the relator; that there is not room in said school buildings to accommodate all the children enrolled; that the children of school age residing within the city have frequently been refused admission to said schools for the reason that there was no room; that the annual expense of maintaining the schools, including interest and sinking fund for bonds issued for the erection of one of the school buildings, is more than twenty dollars for each pupil receiving instruction, and the amount received by appellants by reason of transfers is $4.97 per scholar, showing a loss to the school city of over fifteen dollars for each scholar; that said pretended transfer was and is invalid for the reason that said

township in which the relator resides does not adjoin the city of Peru, but that the boundaries of the same are distant about one-half mile; that the distance from the residence of relator to the nearest school in said city by the traveled route is one and a half mile, and that at the time of said transfer there was and still is a school house in said township at which all the branches of learning provided by law are taught by competent teachers and there was ample room in said school building to accommodate the child of relator.

To this return a demurrer for want of facts was sustained. Appellant refusing to plead further, the court rendered judgment that a peremptory writ issue commanding appellants to admit relator's child to the public schools of said city.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint and alternative writ, and sustaining the demurrer to the return.

It is claimed by appellants that section 4473, R. S. 1881 (section 5959, R. S. 1894), does not provide for transfers from a township to a town or city or to another township; that the only transfer provided for, is from a town or city to a township, town or city. This section must, however, be construed in connection with sections 4472, 4474, R. S. 1881 (sections 5958, 5960, R. S. 1894), and when so considered it is clear that transfers may be made from any school corporation to another in the same or an adjoining county when the person requesting the transfer can be better accommodated thereby; subject to the condition, however, that no transfer can be made to the township unless such township adjoins the school corporation from which the transfer is made. No such condition is provided when the transfer is to a school town or city. It is insisted by appellants that

the return to the alternative writ shows that relator's child could not be better accommodated in the public schools of Peru than in the schools of the township in which he resides, and that therefore the transfer was invalid.

Section 4473, R. S. 1881 (section 5959, R. S. 1894), provides that when persons can be better accommodated at the school of an adjoining township, or of any incorporated town or city, the trustee of the school corporation in which they reside shall at such person's request at the time of making the enumeration, transfer them for educational purposes to such township, town, or city, and notify the trustee of such transfer, which notice shall furnish the enumeration of the children of the persons so transferred.

Under the provisions of this section, it is the duty of the school officer to whom the request for a transfer is made to decide whether the person making the request can be better accommodated at the school of the township, town, or city to which he wishes to be transferred. The right of transfer is not absolute; it can only be made when the person requesting it can be better accommodated by the transfer. The decision of this question by the trustee of a township, town, or city is not final. Section 4537, R. S. 1881 (section 6028, R. S. 1894), expressly provides for an appeal to the county superintendent, from all decisions of trustees relating to school matters, and that the decision of the county superintendent in regard to the transfer of persons for school purposes shall be final. *Fogle, Tr., v. Gregg,* 26 Ind. 345. The authority to determine whether a person shall be transferred for school purposes is vested in the trustees of the township, town, or city in which the person may reside, and, on appeal, in the county superintendent. *Fogle, Tr., v. Gregg, supra.* The trus-

tee of Pipe Creek township had jurisdiction, and having decided the question and made the transfer, and no appeal having been taken, his decision was final, and the transfer cannot now be called in question. *Fogle, Tr.,* v. *Gregg, supra.* Section 4473, R. S. 1881 (section 5959, R. S. 1894), *supra,* expressly requires the trustee making the transfer to notify the school corporation to which the transfer is made, which notice shall furnish the enumeration of the children of the persons transferred. Appellants had thirty days after such notice was received within which to appeal from the decision of the township trustee to the county superintendent. Section 4537 (6028), *supra,* section 1499, R. S. 1881; section 1567, R. S. 1894.

Thus all school corporations to which such transfers are made, have ample opportunity to be heard and contest the same. The law is not, therefore, open to the objection urged by appellant that no provision is made for notice to school corporations to which transfers are made. Transfers for educational purposes are not, therefore, invalid for this reason. *Kizer* v. *Town of Winchester,* 141 Ind. 694, and cases cited; *Garvin* v. *Daussman,* 114 Ind. 429, and cases cited; *Tucker, Treas.,* v. *Sellers,* 130 Ind. 514, and cases cited.

If the right of appeal had not been provided for, the law would probably be open to the objection urged, as the notice required is given after the transfer is made.

The right of transfer for educational purposes, provided by statute, is given only to persons who can be better accommodated thereby. It is a personal right, and each request for transfer is to be considered and determined upon its merits as a separate case, by the school officers; that is, can the person requesting the transfer, taking all the surroundings and conditions that will exist during the coming school year into consider-

ation, be better accommodated during such year with school privileges at the schools of the school corporations to which he seeks transfer than at the schools of the school corporation in which he resides?

In the determination of this question many things stated in the return to the alternative writ in this case would be material and pertinent: the proximity of the schools in the township and city to the residence of relator; the kind and character of the roads to each; the means of transportation, if any, to each; the crowded condition of the schools in either of the two school corporations. It might be that a person requesting a transfer resides much nearer to the schools of the school corporation to which he requests a transfer, than to the school of that in which he resides, yet the crowded condition of the schools nearest his residence be such that he could be better accommodated at the more distant school in his own school corporation. These are questions to be considered by the trustee and determined by him in each case. It is a fact, however, that the conditions upon which transfers for educational purposes may be made, may exist when the request for a transfer is made, and not exist in any year thereafter. The conditions may be such one year, that a person could be better accommodated in another school corporation, than that in which he resides, while the next year he could be better accommodated in the school corporation in which he resides.

The facts alleged in this case furnish an apt illustration of the injustice to the public of holding that a transfer, when once made, shall continue until the person transferred shall request to be re-transferred. Such a construction of the statute would place it in the power of the person transferred to continue sending his children to school in the school corporation to which he has been

transferred, when the conditions upon which the transfer was made, had entirely changed, and when he could be much better accommodated with school privileges in the school corporation in which he resides. No such construction should be given the statute concerning transfers, unless such intention is expressed clearly and with unmistakable certainty.

It is clear, therefore, that when a person is transferred for such purposes, it is only for the next school year, and that such person must request and procure a transfer at the time of making the enumeration each year, so long as he wishes the same to continue.

If such transfer is invalid, for the reason that it was made by an officer having no authority or jurisdiction to make it, the school corporation to which it was made, instead of enumerating the transferred child and taxing the parent, may refuse to do so, and not admit such child to its schools, or it may appeal to the county superintendent.

If, however, the school officer has jurisdiction or authority to make the transfer, the only relief is by way of appeal to the county superintendent, for the reason that the decision of the school officer in making, or refusing to make, the transfer, is conclusive until set aside or appealed from.

But a school corporation, after enumerating the child, or children, of a person as having been transferred to it for educational purposes, and receiving the amount of the State school tax due by reason of such enumeration, and collecting, or causing to be collected, a part or all of the school taxes levied by said school corporation upon the property of the parent of such child, or children, under the law concerning such transfers, and admitting such child, or children, to its schools, cannot successfully question the validity of such transfers during the

school year for which the enumeration was made, nor could the person who has procured his children to be enumerated as transferred, and received the benefit of the schools of the school corporation, to which he claimed to be transferred for all or a part of the school year, for which the enumeration was made, successfully resist the payment of the school taxes levied by such school corporation on his property, under the law concerning such transfers, upon the ground that such transfer was invalid.    It does not appear from the record in this case whether or not the relator was transferred by the trustee of Pipe Creek township at the enumeration of 1893 ; but the school city, after having in 1893 enumerated relator's child as transferred, and received the distribution of the State school tax and other funds, based upon said enumeration, and levied and collected, or caused to be collected, a part or all of the school taxes upon his property placed upon the duplicate of 1894, under the law concerning transfers, and admitted such child to. the city schools, until April 17, 1894, the greater part of the school year, is not in a position to successfully question the validity of such transfer during the school year for which the enumeration was made.

It is as much the duty of appellants to provide and furnish school privileges to pupils transferred to the school city, as to those who reside within the city limits. The school system is a State system, established in compliance with the requirements of Art. 8 of the constitution, sections 182, 187, R. S. 1881; *Ib,*   R. S. 1894, which makes it the duty of the Legislature "to provide for a general and uniform system of common schools, where tuition shall be without charge and equally open to all." *Freel* v. *School City,* 142 Ind. 27.

It is not material, therefore, whether or not the school city received as much or more money on account of said

transfers from Pipe Creek township than the expense *per capita* of the pupils transferred from that township. The question of profit or loss has nothing whatever to do with the question, or its determination by the school officers or the courts.

We find no available error in the record.

Judgment affirmed.

Filed December 17, 1895.