### BLANCHARD v. WILBUR.

[No. 18,729. Filed November 2, 1899.]

WILLS.—*Probate.*—*Contest.*—A proceeding to contest the probate of a will, under §§2365, 2666, 2765 Burns 1894, cannot be maintained after the will has been admitted to probate by the clerk in vacation, subject to confirmation by the court in term.

From the Carroll Circuit Court. *Affirmed.*

*E. A. Brown, O. H. Carson, J. C. Moore* and *L. D. Boyd*, for appellant.

*William C. Smith* and *George W. Julien*, for appellee.

JORDAN, C. J.—William L. Blanchard died a resident of Carroll county, Indiana, on May 1, 1898, leaving what purported to be his last will and testament. This document, on May 19th following, was by appellant, who is the principal beneficiary thereunder and nominated therein as executrix, presented in vacation to the clerk of the Carroll Circuit Court for probate; and thereupon the testimony of the attesting witnesses, in proof of said will, was by the clerk reduced to writing, and, together with the will was duly recorded and the usual certificate of probate provided by the statute was given and attached to the will by the clerk, wherein it was certified, among other things that the will had been admitted to probate.

No written objections by any person appear to have been filed with the clerk prior to the time of the aforesaid proceedings had before that official. . At the next term of the court thereafter, before any action whatever had been taken by the court in term time in the matter of said probate proceedings, appellant who is a daughter and heir of said William L. Blanchard filed her verified ex parte complaint whereby she objected to the probate of said will upon the grounds that it was not the last will and testament of the said Blanchard, and that its execution had been procured by fraud and undue influence. Copies of the will and of the proceedings had thereon before the clerk were embodied in the complaint and it was further charged therein that such proceedings had not been confirmed by the court and that the objections to the will, presented by appellant, were not made for vexation or delay but for the purpose of securing an opportunity to contest the probate of the will under and by virtue of §§2365, 2666 and 2765 Burns 1894, and it was also averred that, unless such an opportunity was granted, the rights of the affiant or complainant and the rights of other heirs of the decedent would be destroyed, for the reason that neither appellant nor they had the ability to make or obtain

the bond required to contest the pretended will after its probate, etc., and she asked to contest the probate of said will.

Appellee voluntarily appeared before the court and filed a motion to strike out and dismiss appellant's objection to the will for the reason solely that no bond had been given as required by §2767 Burns 1894, §2597 R. S. 1881 and Horner 1897. The court sustained this motion and struck out the objection and dismissed the proceedings, and appellant excepted and from that judgment this appeal is prosecuted.

It is assigned and urged by appellant that the court erred in striking out the objections in question and in dismissing the action. Counsel for appellant say: "The only question for the consideration of the court in this case is: Had the appellant the right to contest the probate of the will at the time she asserted the right, to wit, before any action whatsoever had been taken upon the will by the court, and where no action had been had under the will other than the action of the clerk?"

The particular insistence is that the proceedings had before the clerk did not serve to admit the will to probate, for the reason that the probate thereof was a judicial act or function which could not be performed by the clerk who is but a ministerial officer, and that, consequently, as the court had in no manner confirmed these proceedings prior to the time that appellant presented her objections to the validity of the will, it can not be considered as probated within the meaning of §2767, *supra*, which requires the filing of a bond in an action to contest a will "after probate thereof."

By section one of an act of the legislature approved March 14, 1881, (Acts 1881, p. 423), the exclusive and original jurisdiction, in all matters relating to the probate and contest of last wills and testaments and the granting of letters testamentary and of administration is lodged in the circuit courts of this State. §2365 Burns 1894, §2217 R. S. 1881 and Horner 1897. By section two of the same act it is provided, that, for the purpose of granting probate of wills, issuing

letters testamentary and of administration, etc., the clerks of the circuit courts shall keep such courts open in vacation and such business done by the clerk shall be subject to the supervision of the court at the next ensuing term.   §2366 Burns 1894, §2218 R. S. 1881 and Horner 1897.   By section twenty-one of this act it is provided that the clerk shall report to the circuit court at the succeeding term his acts in the premises, when, for good cause shown, such court may supersede letters issued by such clerk or disapprove of a bond taken; in which case the court shall grant letters to some other person; but, if no such cause is shown, the court shall ratify or adopt the letters and bond granted and taken by the clerk; which fact shall be entered in the order-book of such court.   §2398 Burns 1894, §2243 R. S. 1881 and Horner 1897.

These are some of the features or provisions of our present existing law relating to matters of probate.   That the probate of a will is a judicial act is a generally asserted and well settled legal principle.   *Rogers* v. *Stevens*, 8 Ind. 464; *Kerr* v. *Moon*, 9 Wheat. 565; *Holliday* v. *Ward*, 19 Pa. St. 485; *Lovett* v. *Mathews*, 24 Pa. St. 330; *Creasy* v. *Alverson*, 43 Mo. 13; *Jourden* v. *Meier*, 31 Mo. 40; *Petty* v. *Ducker*, 51 Ark. 281; Freeman on Judgments, §608; 3 Redfield on Wills, p. 63; *Vide* cases collected in note, 60 Am. Dec. 353.

While the statute (§2366 *supra*) authorizes proceedings to be had in vacation before the clerk of the circuit court in relation to the probate of wills, still such acts or proceedings are in reality intended by the statute to be ministerial in their character and are performed by the clerk conditionally and subject, as the statute prescribes and intends, to the supervision and confirmation of the court in term time, and thereby ultimately, under the law, become the acts and proceedings of the court.   The court's order, confirming the acts of its clerk in the premises, is the final or crowning act in the matter of the probate of the will, and it may probably be asserted

Blanchard *v.* Wilbur.

that such order relates back to the time when the instrument was offered to or lodged with the clerk for probate.

The question in regard to the confirmation by the court of the probate proceedings before the clerk in this case, however, is not controlling. The real one involved is, was appellant in a position, under the facts, to contest the will or resist its probate by the particular method which she employed for that purpose? Or, in other words, can her right, either with or without bond, to maintain this action as instituted be affirmed?

It is evident that she bases these proceedings upon §2595 R. S. 1881, §2765 Burns 1894, which reads as follows: "If, prior to the admission of any will to probate before the clerk of the circuit court, objection thereto, in writing, verified by his affidavit, alleging that the same is not made for vexation or delay, be filed by any person with such clerk, he shall continue the same until the succeeding term of the court, when, if the person contesting such will fail to resist the probate thereof, the judge of such court may admit such will to probate; but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will."

This section in effect grants the right to any person interested in the estate of a testator to file objections in writing to the admission of the will to probate, and, by this method, contest the validity thereof without giving the bond required by §2767 (2597) *supra.* *Harrison* v. *Stanton,* 146 Ind. 366. But this right depends upon the express or stipulated condition that the contestor shall file with the clerk his written objections before that official has in vacation conditionally admitted the will to probate. This section contemplates that if objections to the will be filed with the clerk prior to the time that it is offered in vacation to that official for probate, no proceedings shall be had thereon before him in relation to such probate, but the whole matter must go over to

the succeeding term of the circuit court to be determined by that tribunal.

Where, however, a will is in the first instance presented to the court for probate in term time, the objections, then, under such circumstances, may, as the statute provides, be made before the court, and a reasonable time shall be allowed the objector to resist the probate thereof.

The will in controversy, as the facts disclose, was presented to the clerk in vacation for probate and the usual proceedings had before that officer, and, as neither the appellant nor any other interested party had filed any objections thereto prior to such proceedings, the clerk admitted the document to probate, subject, however, to the confirmation of the court. It is therefore evident, under the circumstances, that appellant did not seasonably interpose her objections to the will in question; consequently, she had no standing in court to maintain this action under §2595 *supra.*

The right of a party to resist the probate of a will or to contest its validity is one wholly granted by statute, and for this reason the person availing himself of this right must comply with the requirements of the law under which he claims such right. *Potts* v. *Felton,* 70 Ind. 166. In fact, the rule is well affirmed that a person seeking to enforce a right conferred by statute must bring himself substantially within its provisions or requirements. *Harrison* v. *Stanton,* 146 Ind. 366, 370, and authorities there cited. The time fixed or limited by the statute for filing the objections before the clerk is considered, in the eye of the law, as the essence of the right granted or conferred, and a failure to comply with such special limitation operates to extinguish the right rather than to affect the remedy. 13 Am. & Eng. Ency. of Law, p. 689.

It was affirmed by this court in *Bartlett* v. *Manor,* 146 Ind. 621, that §2596 R. S. 1881, §2767 Burns 1894, grants the right to contest the validity of a will, or to resist its probate, upon the condition that such right be exercised within

three years after the will has been offered for probate and that such right would be extinguished after the expiration of such special limitation of time. With equal force it may be asserted that appellant's right to maintain this action, under §2765 *supra*, depends upon the condition that it be exercised in the manner and at the time prescribed by the statute. By her failure to file her objections with the clerk prior to the proceedings had before him, her right to in any manner assail the validity of the will, under the provisions of the statute in question, was extinguished; and thereafter her right to contest the will was confined to §2767 *supra*. As appellant by her complaint does not profess to prosecute this action under this section, therefore the absence of a bond presents no question for consideration in this case. She, as heretofore asserted, for the reasons stated, has no legitimate standing in court to maintain this action, and the decision of the court in dismissing the proceeding was right and it matters not upon what grounds its ruling was based, a correct result being reached, the judgment below ought to be affirmed.

Judgment affirmed.