## Weir et al. *v.* State, ex rel. Worl, by Next Friend.

[No. 19,886.   Filed November 24, 1903.]

161   435
161   687
162    96
162    98
162   254

161   435
165   379

161   . 435
f170   236
f170   378

161   435
171   278
171   413

**Mandamus.** — *Schools.* — *Transfer.* — *Alternative Writ.* — Under §5958 Burns 1901, entitling unmarried persons between the ages of six and twenty-one years to the benefit of the common schools, an alternative writ of mandate for the admission of relatrix into the public schools must aver that she is unmarried. *pp. 437, 438.*

**Same.**—*Schools.*—*Transfer.*—*Alternative Writ.*—*Pleading.*—An averment in an alternative writ of mandate for the admission of relatrix into the public schools, that the order of transfer "entitled relatrix to attend the schools of the school town" to which she had been transferred, was a mere conclusion of the pleader and did not obviate the necessity of the averment that she was unmarried. *p. 438.*

**Schools.** — *Transfer.* — *Appeal.* — *Statutes.* — The provision of §5959 Burns 1901, requiring that notice of transfer for educational purposes be given by the school corporation making the transfer to the school corporation to which the transfer is made,

and of §6028 Burns 1901 that the school corporation to which such transfer is made may, within thirty days after notice of transfer, appeal to the county superintendent, remain in force the same as before the act of 1901 (Acts 1901, p. 448) took effect, and on the trial of the cause on appeal the county superintendent determines whether or not the child can be better accommodated by the transfer. *pp. 438, 439.*

SCHOOLS.—*Transfer.—Mandamus.—Parties.*—Since under the act of 1901 (Acts 1901, p. 448) the child is transferred, instead of the person in charge of the child as in the former act, a mandamus proceeding to compel the admission of a transferred child into the school of the corporation to which she was transferred is properly brought on the relation of the child by her next friend. *p. 439.*

CONSTITUTIONAL LAW.—*When Question Will Not be Decided.*—The court will not decide a constitutional question when the case can be decided upon other grounds. *p. 439.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Mandamus by the State, on the relation of Nellie Worl by her next friend, against J. Crawford Weir and another. From a judgment in favor of relatrix, defendants appeal. *Reversed.*

*D. W. Chambers, M. E. Forkner* and *G. D. Forkner,* for appellants.

*E. H. Bundy* and *J. M. Morris,* for appellee.

MONKS, J.—This proceeding was brought by the relatrix to compel by writ of mandamus the school town of New Castle, Indiana, and J. Crawford Weir, the superintendent of the schools of said town, to admit relatrix to the schools of said town. An alternative writ of mandamus was issued, to which appellant demurred for the following causes: "(1) Defect of parties in this, that Nellie Worl is not the proper relatrix, but that John M. Worl is the only proper relator; (2) that the relatrix has no capacity to sue; (3) that the alternative writ does not state facts sufficient to constitute a cause of action." This demurrer was overruled by the court. A trial of said cause resulted in a finding, and, over a motion for a new trial, a judgment and order for a peremptory writ of mandamus against appellants.

It is averred in the alternative writ that the relatrix is under twenty-one years of age; that her true age is sixteen years, and that she resides with her father in Liberty township, in Henry county, Indiana; that she had graduated from the common schools of said township, within which there was no high school; that her father secured for her an order of transfer from the township trustee of said township to the school town of New Castle, "which order for transfer entitled said relatrix to attend the schools of said school town of New Castle;" that J. Crawford Weir was the superintendent of the schools of said town; that at the end of the first and second months of her attendance in said town he demanded of her $1 as tuition for one month, "said sum of $1 per month being in excess of and additional to the tuition of $2 per month provided by law to be paid by the school township from which she was transferred," which she paid; that he again demanded $1 from her at the end of the third month, which she refused to pay, upon which he sent her home, and refused to permit her to enter said school until she should pay the sum of $1 per month as tuition; that she applied to said school town to make an order requiring said Weir to admit her, which was refused unless she should pay said sum. A writ of mandamus was asked requiring the defendants to admit the relatrix to the public schools of said town without charge to her for tuition.

Only unmarried persons between the ages of six and twenty-one years are to be enumerated and have the benefit of the common schools, and each of such persons is to be enumerated in the township where he resides.   §5958 Burns 1901, §4472 R. S. 1881 and Horner 1901.   The complaint should have averred that the relatrix was unmarried.   It was as essential to allege and prove that she was unmarried as to allege and prove that she was under twenty-one years and over six years of age.   *Draper* v. *Cambridge,* 20 Ind. 268.   Unless she possessed all these

qualifications, she was not entitled to admission to the schools of the township in which she and her father resided, nor to the schools of the school corporation to which she alleges she was transferred. It is well settled that when one claims a right under a statute, he must, by allegation and proof, show that he comes within its provisions. *Harrison* v. *Stanton,* 146 Ind. 366, 370, 371; *Hodges* v. *Standard Wheel Co.,* 152 Ind. 680, 693; *Blanchard* v. *Wilbur,* 153 Ind. 387, 392.

Counsel for the relatrix insist that as the alternative writ contained the averment that said order of transfer "did entitle said Nellie Worl to attend the school of the school town of New Castle, Indiana," an allegation that she was unmarried was unnecessary: citing *Draper* v. *Cambridge, supra.* If counsel are correct in this contention, it was not necessary to allege facts showing that the relatrix was over six and under twenty-one years of age. There is a wide difference between the averment suggested in the case cited by counsel for relatrix and the allegation which they claim renders the alternative writ sufficient in this case. But if said allegation in this case could be held the equivalent of the one suggested in that, we would be compelled to disapprove the one suggested. The averment that the order of transfer "entitled relatrix to attend the schools of the school town of New Castle," was the mere conclusion of the pleader and not the allegation of a fact. Facts, not conclusions, must be averred. *Foland* v. *Town of Frankton,* 142 Ind. 546, 549, 550; *Gum-Elastic Roofing Co.* v. *Mexico Publishing Co.,* 140 Ind. 158, 161, 30 L. R. A. 700, and cases cited; *Davis* v. *Clements,* 148 Ind. 605, 609, 610, 62 Am. St. 539, and cases cited.

While some of the provisions of §5959 Burns 1901, §4473 R. S. 1881 and Horner 1901, are repealed by the act of 1901 (Acts 1901, p. 448, §§5959a-5959e Burns 1901), it is clear that the provision of said §5959, *supra,* requiring that notice of transfer for educational purposes

be given by the school corporation making the transfer to the school corporation to which the transfer is made, remains in force, and that the school corporation to which such transfer is made may, within thirty days after notice of transfer, appeal to the county superintendent under §6028 Burns 1901, §4537 R. S. 1881 and Horner 1901, the same as before said act of 1901, *supra,* took effect. On the trial of said cause on appeal, the county superintendent determines whether or not the child can be better accommodated by the transfer. *Edwards* v. *State, ex rel.,* 143 Ind. 84, 87-91.

Cases like the one before us have been brought in this State by the father as relator as well as by the child. *Draper* v. *Cambridge,* 20 Ind. 268; *State, ex rel.,* v. *Gray,* 93 Ind. 303; *Cory* v. *Carter,* 48 Ind. 327, 17 Am. Rep. 738; *Edwards* v. *State, ex rel., supra.* See, also, *Clark* v. *Board, etc.,* 24 Iowa 266; *Smith* v. *Directors, etc.,* 40 Iowa 518; *Dove* v. *Independent School Dist.,* 41 Iowa 689; *Perkins* v. *Board, etc.,* 56 Iowa 476, 9 N. W. 356; *People, ex rel.,* v. *Board, etc.,* 18 Mich. 400; High, Extra. Leg. Rem. (3d ed.), §438. It will be observed that under §5959, *supra,* the person in charge of the child or children was transferred, while, under the act of 1901, *supra,* the child is transferred. We think that this action was properly brought on the relation of Nellie Worl, by her father as next friend.

For want of an allegation that the relatrix was unmarried, the alternative writ was clearly insufficient to withstand the demurrer for want of facts.

It is settled that the court will not decide a constitutional question when the case can be decided upon other grounds. *Hart* v. *Smith,* 159 Ind. 182, 199, 58 L. R. A. 949; *State, ex rel.,* v. *Reardon, ante,* 249, and cases cited.

Judgment reversed, with instruction to sustain said demurrer, and for further proceedings not inconsistent with this opinion.