## FORT v. WHITE, EXECUTOR, ET AL.

[No. 8,548. Filed March 7, 1913. Rehearing denied June 19, 1913. Transfer denied October 10, 1913.]

1. WILLS.—*Right of Action to Contest or Set Aside Probate.*—Actions to contest the validity and to resist or set aside the probate of a last will are purely statutory, and in the absence of fraud can only be successfully maintained when brought within the time and upon the grounds prescribed by the statute authorizing such actions. p. 214.

2. WILLS.—*Probate.—Revocation for Fraud.—Complaint.*—A complaint to revoke and set aside the probate of a will on the ground of fraud in procuring such probate, which contains no averments of unsoundness of mind of the testator, or that the will was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof, nor any averment that the objection is not made for vexation or delay, does not state a cause of action within either §3153 Burns 1908, §2595 R. S. 1881, providing for objections to the probate of a will, or §3154 Burns 1908, §2596 R. S. 1881, providing for contesting a will or resisting its probate at any time within three years after the same has been offered for probate. p. 215.

3. WILLS.—*Probate.—"Judicial Act."—Wrongful Probate.—Effect. —Setting Aside.*—The probate of a will by the court is a judicial act, which, when unlawfully or fraudulently procured, is harmful to one desiring to resist same, since it adjudges the testamentary capacity of the testator, and, in a contest of the will, shifts the burden of proof as to such capacity from the proponent to the

contestant, besides requiring him to file a bond in compliance with §3155 Burns 1908, §2597 R. S. 1881, as a condition precedent to bringing the action to contest, hence the right exists to have an order of probate illegally or fraudulently procured set aside either in an independent action brought for that purpose, or as ancillary to an action brought under §3153 Burns 1908, §2595 R. S. 1881, or §3154 Burns 1908, §2596 R. S. 1881.  p. 216.

4.  WILLS.—*Probate.—Revocation for Fraud.—Complaint.—Sufficiency.*—Where the court in making an order of probate is imposed upon by fraud, such order should be declared a nullity, and a complaint alleging that plaintiff was induced to delay filing protest against the probate of a will by the promise of the parties not to present it for probate until plaintiff had a reasonable time to determine whether such protest should be made, that the parties, in violation of the agreement procured the probate upon the affidavit of an attesting witness who remembered nothing about the execution of the will, and who signed the affidavit without reading it, supposing that it so stated, that such affidavit was the only evidence that the court had before it and that the court was thereby induced to make the order of probate, is sufficient, even though neither the unsoundness of testator's mind, the undue execution of the will, nor its execution by duress or fraud, nor any other valid objection to its validity or to the probate thereof, is alleged.  p. 218.

5.  APPEAL.—*Review.—Harmless Error.—Ruling on Motion to Strike Out.*—Where a motion to strike out part of the complaint failed to set out the words of that part sought to be stricken out, as required by §662 Burns 1908, Acts 1903 p. 338, the complaint on appeal will be treated as originally filed, and the ruling on the motion will furnish no ground for reversal.  p. 219.

6.  APPEAL.—*Assignment of Errors.—Questions Reviewable.— Change of Judge.*—Where the record discloses only a motion for a change of venue, and no separate motion for a change of judge, and no ruling on such motion and no exception to such ruling, no question is presented by an assignment of error in the ruling on a motion for a change of judge.  p. 220.

7.  VENUE.—*Change.—Statutory Provisions.—"Civil Action".*—A proceeding to set aside the probate of a will on the ground that the order was procured by fraud is a civil action within the meaning of §422 Burns 1908, §412 R. S. 1881, providing for changes of venue in civil actions, so that the overruling of a motion therein for such change is error.  p. 220.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Emma Fort against Stephen G. White, executor with the will annexed of Stephen G. Scott, deceased, and

others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Chauncy W. Duncan* and *Wymond J. Beckett,* for appellant.

*William Ward Cook* and *Charles H. Cook,* for appellees.

HOTTEL, J.—The character and nature of this action is indicated by the introductory paragraph of the verified petition, which is as follows: ''Comes now Emma Fort, plaintiff in the above entitled cause and filing her petition herein to revoke and set aside the probate of the will of William G. Scott, deceased, and the letters testamentary thereon issued to Stephen G. White, says:'' Repetition in the petition makes it too lengthy to set it out in full in this opinion, but inasmuch as its sufficiency to withstand a demurrer is the controlling question presented by the appeal, we think it important to indicate its material averments, which are in substance as follows: that on April 20, 1911, Stephen G. Scott died testate in Hancock County, Indiana, seized of an estate of $40,000, and leaving as his only heirs two daughters, plaintiff Emma Fort, and defendant Mary Alice White, and his widow Nancy M. Scott also a defendant; that on April 26, 1911, plaintiff, the defendants and the attorney for the defendants, met at the home of Nancy M. Scott in Greenfield, said county, and there had said attorney open and read the will of the deceased; that after hearing said will read and learning the contents thereof, plaintiff then notified the defendants that she would object to the probate thereof for the reason that said will was not the will of the deceased, and had been procured by the undue influence of the defendants, and was not duly executed; that said attorney and the defendants, Nancy M. Scott and Stephen G. White, requested plaintiff not to file her protest against the probation of said will, but that she go home and duly consider the matter and agreed that they would take no legal steps to probate said will for several days and not until she could

have a reasonable time to consider and determine whether she would resist the probate thereof; that plaintiff relied on said promise and agreement and went to her home in Indianapolis; that later in the afternoon of the same day appellants in violation of their said promise notified, by telephone, Walter O. Bragg, one of the attesting witnesses, to come to Greenfield for the purpose of probating said will; that said Bragg arrived at Greenfield about 6:30 p. m. of April 26, 1911, the same being the third judicial day of the April term of the Hancock Circuit Court, and appeared in the office of the clerk of said court and there before such clerk signed one of the printed blank forms in said office and swore to the same before said clerk, which was afterwards, to wit: on April 27, 1911, presented to the judge of the Hancock Circuit Court, and an order of the court made thereon probating said will; that said Hancock Circuit Court was in session on April 26, 1911, but had adjourned for the day when said Bragg appeared before the clerk of said court and signed said printed form of affidavit, that said Bragg did not appear in open court at any time and was not examined in open court nor before the judge of said court in reference to the execution of said will; that the affidavit of said Bragg so made before said clerk was the sole and only evidence upon which said will was probated; that said affidavit was made by said Bragg and said will probated without the knowledge of plaintiff; that said Bragg when said will was presented to him stated to the clerk that the signature of Walter O. Bragg was his signature, but that he knew nothing about the execution of said will; that said Bragg did not state to said clerk that he saw the testator sign the will or that he heard the testator declare the instrument to be his last will, or that he signed said will at the request of or in the presence of the testator, or that the testator was of sound mind and not under restraint, but on the contrary he stated to said clerk that he had no recollection of ever signing said will or of the circumstances under which his name was affixed

thereto; that when the printed blank was presented to said Bragg by said clerk for his signature he did not read the same but believed it contained no statements contrary to those made by him to such clerk; that upon the hearing of this petition the said Walter O. Bragg, said attesting witness, will testify that he knows absolutely nothing about the execution of said pretended will and can remember nothing about the execution of the same; that by the deceit and false promises of the defendants as aforesaid, plaintiff was prevented from taking legal steps to prevent the probation of said pretended will, before the same was probated.

A demurrer for want of facts was sustained to this petition. Appellant refused to plead further, and elected to stand on the petition, whereupon a judgment was rendered for appellee. The ruling on said demurrer is assigned and relied on as error. In this State actions to contest

1. the validity and to resist or set aside the probate of a last will are purely statutory, and in the absence of fraud can only be brought, and successfully maintained in the court, within the time and upon the grounds prescribed in and by the statute which authorizes such actions. *Harris* v. *Harris* [1878], 61 Ind. 117; *Evansville Ice, etc., Co.* v. *Windsor* (1897), 148 Ind. 682, 686, 48 N. E. 592. See, also, *Bartlett* v. *Manor* (1896), 146 Ind. 621, 45 N. E. 1060; *Blanchard* v. *Wilbur* (1899), 153 Ind. 387, 392, 55 N. E. 99; *Potts* v. *Felton* (1880), 70 Ind. 166. Under these authorities, the first question to be here determined is, whether appellant in her petition, has brought herself within any statutory provision authorizing her to contest the validity of the will in question or to resist its probate. The only sections of statute conferring a right of this character are §§3153, 3154 Burns 1908, §§2595, 2596 R. S. 1881, the first of which provides as follows: "If, prior to the admission of any will to probate before the clerk of the circuit court, objection thereto, in writing, verified by his affidavit, alleging that the same is not made for vexation or delay, be filed

by any person with such clerk, he shall continue the same until the succeeding term of the court, when, if the person contesting such will fail to resist the probate thereof, the judge of such court may admit such will to probate; but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will." Section 3154 provides as follows: "Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto." It affirmatively appears from this petition that the Hancock Circuit Court in term, on April 26, 1911, had entered an order authorizing and directing the probate of the will in question. The petition herein was not accompanied with any bond. It contains no averments of unsoundness of mind of the testator, or of undue execution of the will, or "that the same was executed under duress or was obtained by fraud or any other valid objection to its validity or the probate thereof," nor is there any averment in the petition that it is not "made for vexation or delay." "The rule is well affirmed that a person seeking to enforce a right conferred by statute must bring himself substantially within its provisions or requirements." *Blanchard* v. *Wilbur, supra.* See, also, *Harrison* v. *Stanton* (1896), 146 Ind. 366, 370, 45 N. E. 582, and authorities there cited. The authorities cited make it clear that appellant has not stated a cause of action authorized by either of the sections of statute, *supra.*

But appellant insists, in effect, that an order of court

granting or denying the probate of a will is a judicial act, and has the effect of a judgment which may be set aside on the ground that it was procured by deceit and fraud, and that upon this theory appellant's petition states a cause of action. Appellees on the other hand insist, in effect, that inasmuch as the statute provides the manner and method of resisting the probate of a will in the first instance, and also the manner and method of contesting the will, and thereby setting aside the probate after the order of probate has been made, that one or the other of these remedies must be followed; that no hardship results to the person seeking to resist the probate by reason of an order of probate though irregularly made, which may not be cured by proceeding under said §3154, *supra,* and that he should therefore be limited to this remedy. That the probate of a will by

3. the court is a judicial act seems to be a well-settled legal principle in this and other jurisdictions. *Duckworth* v. *Hibbs* (1871), 38 Ind. 78; *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673; *Blanchard* v. *Wilbur, supra,* and authorities there cited. Appellees are in error in their contention that one who desires to resist the probate of a will is not harmed by an order of probate of such will unlawfully or fraudulently procured. While said §3154, *supra,* by permitting an order probating a will to be vacated and set aside, in the manner therein provided, to a certain extent, robs and takes from such order of probate the conclusive probative force of the ordinary judgment, yet, such order, or judgment of probate, materially alters and changes the situation of the parties. By it the testamentary capacity of the testator is adjudged, and the burden of proving such capacity shifted from the proponents of the will to the contestant thereof, and before such contestant is permitted to bring his action to contest such will, after the probate thereof, he must file his bond as provided in §3155 Burns 1908, §2597 R. S. 1881. See the case of *Steinkuehler* v. *Wempner, supra,* and cases there collected

and cited affecting this question. The holding in the case just cited makes it clear that the situation of the parties desiring to contest a will is materially changed and affected by an order authorizing the probate thereof, and furnishes a reason for holding that when such order is illegally or fraudulently procured, that the person or persons injuriously affected thereby, should be permitted to have such order set aside either in an independent action, brought for such purpose, or as ancillary to an action brought under one of the sections of statute, *supra.* In addition to this reason furnished by the above authority for such a holding, our Supreme Court in the case of *Duckworth* v. *Hibbs, supra,* expressly holds that such an order, when unlawfully procured should be set aside, and again, in the case of *Burnett* v. *Milnes* (1897), 148 Ind. 230, 46 N. E. 464, in an action to set aside "on account of alleged fraud  *  *  *  in procuring the same, a judgment  *  *  *  refusing to admit to probate the last will and testament of Jeanette Burnett, deceased, and adjudging the same to be null and void," such court held that where the facts stated in the complaint showed "a case of fraud upon the court and the rights of the infant defendants" in the procuring of such judgment that the same should be declared void. As above indicated, the decisions of the Supreme Court leave no doubt in our mind as to the right of a party injuriously affected by an order of probate unlawfully and fraudulently obtained to have such order set aside on such grounds so that, in an action to contest the validity of such will, and resist its probate, he may have the burden of proof placed where it was before such order was fraudulently procured; but whether an independent action for such purpose in no way ancillary to an action brought under either of the sections of statute before set out should be upheld, is open to serious doubt.

As before stated, this petition nowhere avers the unsoundness of mind of the testator, or the undue execution of the will, or that the same was executed under duress or

was obtained by fraud, or any other valid objection to
4.    the validity of such will or the probate thereof. Were
we without any authority on this subject, failure to
allege any of such averments would cause us to hesitate be-
fore holding the complaint sufficient against demurrer. We
say this because of the statutory provisions above indicated
and the expressions of the Supreme Court indicating that
such methods alone should be followed "in an action to con-
test the validity or to resist or set aside the probate of a
will" and for the further reason that courts should not be
asked to do a useless or unnecessary thing. If there be no
objection to the validity of this will, and it could be again
probated, the setting aside of the existing order of probate
would avail appellant nothing and be useless and unneces-
sary. On the other hand, if there be valid objections to the
probate of the will, or to its validity, it would seem that in
the interest of ending litigation and preventing a multi-
plicity of law suits, such question should be tendered, tried
out and determined in this action. This question does not
seem to have been directly presented in the latter of the two
cases, *supra,* involving a complaint of this character, but the
substance of the complaint as set out in each of the opinions
rendered in said cases contains no such averments, and
there are some expressions in those decisions which indicate
that a showing that the order was unlawfully or fraudu-
lently procured is all that is necessary to entitle a person,
injuriously affected thereby, to have it vacated. We may
add that we have examined the record in each of these cases,
and find that in the case of *Duckworth* v. *Hibbs, supra,* the
complaint contained none of the averments above mentioned,
and the only relief sought or granted was the setting aside
of said order of probate. In the latter case, however, the
situation of the parties was reversed, and the proponents
of the will brought the action, and they not only sought to
set aside the former judgment denying the probate, but also
asked to have the testator adjudged of sound mind and the

will probated.   The case of *Duckworth* v. *Hibbs, supra,* has
never been overruled, and we think requires us in this case,
to hold that the absence of the averments indicated, does
not render the complaint insufficient against demurrer.   If
the averments of the petition here in question be true, and
for the purposes of the demurrer they must be so treated,
the appellant was induced by the fraud and deceit of ap-
pellees to withhold and delay the filing of her objections to
the probate of the will until after they had secured the order
probating it, and she thereby entirely lost her right to pro-
ceed under §3153, *supra,* unless such order of probate may
be set aside and she be allowed to proceed as though such
order was never made.   The averments further show that
both appellant and the court were imposed upon by the false
affidavit purporting to be that of an attesting witness, and
that this was the only evidence which the court had before
it upon which to make its order of probate.   In other words,
the court according to the showing made in the petition, was
by said false affidavit induced to make the order of probate
without proof of any of the facts necessary to be proved to
authorize such order.   Under such circumstances such order
should be declared a nullity, and we therefore hold the com-
plaint sufficient, and that the court below erred in sustain-
ing the demurrer thereto.

A ruling sustaining a motion to strike out parts of appel-
lant's petition is assigned and urged as error.   This motion
failed to set out the words of that part of the petition

5.   sought to be stricken out as required by §662 Burns
1908, Acts 1903 p. 338.   Under such circumstances
the petition will be treated as originally filed, the same as
though the motion to strike out had never been made, and
the ruling on such motion will, therefore, furnish no ground
for reversal.   *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651,
67 N. E. 502; *Lehman* v. *City of Goshen* (1912), 178 Ind. 54,
98 N. E. 1, 98 N. E. 710.

A ruling on a motion for change of judge is assigned and

relied on as error. The record discloses no separate motion for a change of judge and no ruling on such a motion and no exception to such a ruling. For these reasons no question is presented by the error assigned on the ruling. It should be remarked in this connection that the motion for a change of venue contains the statement that the "Honorable Robert L. Mason, Judge of the Hancock Circuit Court will be a material witness upon the trial of said cause for plaintiff therein," but a change of venue alone is asked in the motion. This motion was overruled and exceptions to the ruling properly saved, and the ruling on such motion assigned as error. If we are right in our interpretation of this complaint, this proceeding is a *civil action* within the meaning of §422 Burns 1908, §412 R. S. 1881, providing for a change of venue in such action and the court erred in overruling the motion for such change. *Evans* v. *Evans* (1885), 105 Ind. 204, 210, 5 N. E. 24, 768; *Burkett* v. *Holman* (1885), 104 Ind. 6, 9, 3 N. E. 406; *Berry* v. *Berry* (1897), 147 Ind. 176, 179, 46 N. E. 470; *Lester* v. *Lester* (1880), 70 Ind. 201, 202; *Scherer* v. *Ingerman* (1887), 110 Ind. 428, 441, 11 N. E. 8, 12 N. E. 304.

For the errors indicated the judgment is reversed with instructions to the court below to overrule the demurrer to the complaint and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 101 N. E. 27. See, also, under (1) 40 Cyc. 1240; (2) 40 Cyc. 1268; (3) 40 Cyc. 1346; (7) 40 Cyc. 120. As to relief in equity from probate of will, see 106 Am. St. 643.