SUPREME COURT OF INDIANA EX REL. ROZPLOCHOWSKI *v.* BINGHAM.

[No. 26,515.   Filed March 12, 1935.   Rehearing denied April 16, 1935.]

*Anthony Olczak,* for relator.

FANSLER, C. J.—This is an original action seeking an order mandating the judge of the St. Joseph Superior Court No. 1 to grant relator a change of venue. It appears that a receiver was appointed for a certain bank by the superior court, and that the receivership is pending.

The relator filed a pleading in the cause in which the receivership is pending, which is denominated in the caption as a petition, but in which he refers to himself as plaintiff and claimant. It is not a model pleading, but it alleges that the relator, plaintiff, at the time the receiver was appointed, had deposits in the bank for which the receiver was appointed amounting to something over $6,000, which still remained his property; that since its appointment the receiver has paid two dividends to depositors, each amounting to 5 per cent.; that the receiver paid plaintiff.

the first dividend, but failed and refused to pay him the second dividend, notwithstanding demand therefor. It is alleged that the receiver has refused to recognize the plaintiff as the owner of said accounts although they stand in his name. There is a prayer that the receiver, who is denominated defendant, pay the plaintiff the accrued dividend, and that the receiver be required to treat the plaintiff as the owner of said account, and for "all other proper relief." The pleading is verified. There was no demurrer. The receiver appeared and answered. The pleading sufficiently asserts that the relator is a creditor of the bank, and is sufficient to sustain a judgment allowing his claim. It is true that in the prayer relator asks an order requiring the receiver to pay the amount the court may justly find due on his claim, and requiring that plaintiff be treated as the absolute owner of his deposit, and restraining the receiver from interfering with his deposit in any way without an order of court. But the effect of a pleading is not determined by the prayer. The receiver filed answer in two paragraphs, the first a general denial; the second a long affirmative answer setting up a set-off, praying that relator's petition be denied, and that the amount of his deposit be set off against certain obligations upon which he is alleged to have been indorser. Relator filed a motion to strike out parts of the affirmative answer, and a demurrer thereto, both of which were overruled. He then filed a reply in four paragraphs to the second paragraph of answer.

Upon this state of the issues relator filed a motion for a change of venue from the county, which sufficiently conforms to the statutory requirements. This motion was denied. In response to the alternative writ heretofore issued it is said: "Your respondent further alleges that he understood, and now understands, the relator's said verified motion for change of venue from the county

to refer to the petition of said relator, John P. Rozplo-chowski, and all issues joined thereon, and not to any separate part or portion thereof, and that it was not addressed solely to the defense of set-off set out in the said second paragraph of answer of said receiver." The response, continuing, says that the motion for change was denied upon the ground and for the reason that the petition of the relator is not a civil action, but is ancillary to the matter of the receivership, and that at the time of ruling upon the motion the attention of counsel was called to the case of *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453, in which it is held that an ancillary petition for the appointment of a receiver is not a civil action, and that the party is not entitled to a change of venue from the county on the question of the appointment.

We feel that the trial court was misled by the prayer of relator's complaint into concluding that the pleading seeks merely some ancillary order against the receiver as an officer of the court. The receiver, however, evidently construed it to be a complaint seeking the allowance and enforcement of relator's claim based upon his asserted deposits, and answered accordingly, and we so interpret it. It follows therefore that the motion for change of venue from the county should have been granted.

The alternative writ heretofore granted is made absolute.