STATE EX REL. WOOD v. CARLIN, JUDGE.

[No. 26,593. Filed October 24, 1935.]

*Mountz & Mountz* and *Theodore T. Wood,* for appellant.

*H. C. Springer* and *Edgar W. Atkinson,* for appellee.

TREMAIN, J.—This is an original action based upon the following briefly stated facts: There is now, and has been for several years, pending in the Steuben Circuit Court, of which the respondent is judge, a bank receivership. The relator was duly appointed, and acted as attorney for the receiver. He filed with the receiver and in the Steuben Circuit Court a verified complaint or petition asking for an allowance of an attorney fee for his services rendered. Upon the filing of said petition, the respondent, as judge of said court, designated other attorneys to represent the receiver and to make defense to the relator's petition. Issues were closed by an answer in two paragraphs: one a general denial and the other an answer of payment. The relator replied to the latter paragraph by a general denial. At this juncture of the proceedings, the relator filed a motion and affidavit praying for a change of venue from the judge on the grounds of bias and prejudice. The court denied the change and set the cause for trial.

The relator then filed this action praying for an alternative writ of mandamus, which was granted and made returnable September 9, 1935.

The respondent filed in this court his return to said petition for mandate, wherein he alleged that the change of venue from himself was denied for the reason that the allowance of a claim for services per-

formed by the relator as attorney for the receiver, under order of the court, is not a civil action within the meaning of the statute giving parties the right to take a change of venue from the court; that it is a question solely for the court to determine in which the receivership is pending; that respondent refused to grant the change for the reason that he did not believe that the relator was entitled to it; and, that there is no statute providing for a change of venue from the judge under such circumstances.

The relator agrees that the right to a change of venue is statutory and relies upon section 2-1402, Burns 1933, §193, Baldwin's 1934, as authority upon which he demands the change of venue. That section of the statute is quite broad and provides that:

> "When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party. . . ."

This statute has been construed by the Supreme Court in matters analogous to the pending cause.

In *State ex rel. Lukemeyer* v. *Sumner, Judge* (1933), 205 Ind. 73, 185 N. E. 818, the receiver asked for a change of venue from the judge upon a hearing of his final report, exceptions having been filed thereto. The question there presented in an original action, as in the instant case, was whether or not a change of venue from the judge could be demanded as a matter of right under the foregoing statute. The court held that the change should be granted.

This court was called upon to construe said section in *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672, in an original action filed in this court based upon the alleged bias and prejudice

683

of the trial judge involving a trusteeship growing out of the guardianship of a spendthrift, in which an effort was made to terminate the trust. In a discussion of the proposition the court held that there could be no question as to the right of the change of venue, and that when a proper affidavit was filed by the relator, praying for a change of venue, the court had no discretion in the matter, and it immediately became the imperative duty of the court to grant the change.

*Supreme Court ex rel. Rozplochowski, Relator* v. *Bingham, Judge* (1935), *ante* 228, 194 N. E. 622, involved the question of a change of venue in a bank receivership pertaining to the allowance and enforcement of a claim. It was there contended that a change of venue could not be demanded because the proceeding was ancillary to the receivership, but the court sustained the relator in his demand for a change of venue.

Upon the authority of the statute and the cases above referred to and also *State ex rel. Burdge* v. *Cummings* (1935), *ante* 292, 195 N. E. 879, there can be no doubt as to the right of the change of venue in matters of an equitable nature, such as the case at bar. When the motion and affidavit are filed in due form and based upon one of the statutory grounds, nothing remains for the judge to do except to follow the statute and appoint the judge agreed upon by the parties, if an agreement is made, otherwise to designate three names as provided by statute. The trial judge possessed no other jurisdiction over the case.

It is clear that the alternative writ heretofore issued should be made absolute. The respondent, Honorable Clyde C. Carlin, judge of the Steuben Circuit Court, is directed to grant relator's application for a change of venue from himself, and the alternative writ is made absolute.