STATE EX REL. SMITH *v.* CHAMBERS, JUDGE

[No. 26,821. Filed March 16, 1937. Rehearing denied April 27, 1937.]

*J. Fred Masters,* for appellant.

*Acton, Acton & Baldwin, White, Wright & Boleman,* and *James W. Ingles,* for appellee.

TREMAIN, C. J.—This is an original action in this court praying for a writ of mandate to require the respondent to grant a change of venue from the county, and that he be prohibited from taking other or further action in the cause pending.

It appears from the record that one Edna S. Ghio filed an action in the Probate Court of Marion County, Indiana, on the 22nd day of January, 1935, to contest the will of Otto Smith, deceased, which will had been probated in that court on September 7, 1934. The suit to contest the will was set for trial on February 5, 1937. On the 7th day of January, 1937, the defendant, Edward H. Smith, executor of the last will of Otto Smith, filed a motion and affidavit for a change of venue from the county. On the same day the plaintiff in the will contest case filed what was denominated a "Motion To Revoke Probate For Lack of Jurisdiction" and a "Motion To Increase Bond."

The respondent, in his return, does not question the sufficiency of the motion and affidavit for a change of venue from the county, but says that the "Motion To Revoke Probate For Lack of Jurisdiction" and "Motion To Increase Bond" were filed in the estate of Otto Smith, deceased, and as part of the papers and files therein, as well as being filed in the will contest suit; that the motion to revoke probate for lack of jurisdiction presents the question as to whether Otto Smith was a resident of Marion County, Indiana, at the time of his

death, or was the owner of property in said county; that if it should be determined that Otto Smith was not a resident of the county and did not own any property therein, but was a resident of another state as charged in the motion, then it would be necessary to revoke the probate of the will and dismiss that proceeding.

The respondent further says that when these questions were presented in his court, attorneys for both sides were present, and respondent suggested that the question of the court's jurisdiction over the subject-matter—that is, the will of Otto Smith, deceased—should be determined before passing upon the motion to change the venue from the county in the will contest; that respondent stated to the attorneys that if he determined that the Marion Probate Court had jurisdiction over the will of Otto Smith, deceased, he would promptly grant the change of venue from the county, but if it should be determined that the probate court has no jurisdiction concerning said will, the motion for a change necessarily would be refused.

This court has adhered to the rule, in civil actions, that a trial court has no discretion, but it is its imperative duty to grant a change of venue under Section 2-1408, Burns' Ind. St. 1933, when a proper motion, supported by affidavit, is timely filed. *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879; *State ex rel. Wood* v. *Carlin, Judge* (1935), 208 Ind. 680, 197 N. E. 825; *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776; *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1.

A situation is presented in this case in which the judge announced his willingness to grant the change of venue, but suggested that if it should be determined that the probate court had no jurisdiction of the will of Otto Smith, deceased, it

would be a needless and useless ceremony to grant a change of venue in the will contest. The writ of prohibition issued by this court did not extend to the probate side of the Marion Probate Court, but only to the civil suit pending. There is no reason why the court should not determine in the estate proper whether or not it has jurisdiction over the will. If it has jurisdiction, the announced intention of the court is to grant the change of venue. If the court determines that it does not have jurisdiction, the effect would be to annul the probate of the will and all the matters depending thereon.

It is apparent from the foregoing that the Marion Probate Court was proceeding in a proper and legal manner upon the question before it. It is, therefore, ordered that the writ of prohibition and mandate, heretofore issued, be dissolved.