STATE EX REL. BAMBERGER *v.* NIXON, JUDGE.

[No. 28,103.   Filed May 23, 1945.]

*Edmund F. Ortmeyer, William P. Foreman,* and *Isadore J. Fine,* all of Evansville, for relator.

PER CURIAM.—This is a petition for an alternative writ of mandate to compel the granting of a verified application for change of venue from the judge.  The petition and exhibits disclose that relator is one of two attorneys for a receiver who threatens to discharge them for their refusal to file a petition, supplemental to a final report, asking allowance of additional receiver's fees.  It is shown that the report was signed and verified by the receiver in 1941 and that the amount requested therein for his fees he then deemed reasonable.  His attorneys considered his present demand exorbitant.  When this controversy arose the attorneys individually filed a petition asking that the final report be approved and that only certain expenses of the receiver accruing since the final report was filed be allowed.  They then asked

for the change of venue on the theory that this petition made them parties to the action.

The case is not like *State ex rel. Wood* v. *Carlin, Judge* (1935), 208 Ind. 680, 197 N. E. 825, where an issue was made as to the amount of fees payable to an attorney and on that issue a change of judge was mandated. Here the fee of the attorneys is not questioned in any proceeding pending in the lower court. The change of venue statute requires that application shall be made by a party. § 2-1401, Burns' 1933. See also *State ex rel. Kiser, Cohn & Shumaker, Inc.* v. *Sammons* (1944), *ante,* p. 27, 57 N. E. (2d) 587. We are of the opinion that relator and his associate have shown no such interest in the action as to put them in the class of parties thereto. The relief by prohibition asked in the petition is merely incidental to the requested writ of mandate. The petition should be denied and it is so ordered.

Note.—Reported in 61 N. E. (2d) 168.