STATE OF INDIANA ON RELATION OF HARDIN ET AL. *v.*
SUPERIOR COURT OF MARION COUNTY, ROOM ONE,
NIBLACK, JUDGE.

[No. 29,434.   Filed June 29, 1956.   Rehearing denied
August 10, 1956.]

*Herbert M. Spencer, Eugene H. Yockey, James V. Donadio, R. Stanley Lawton,* of Indianapolis, and *Ross, McCord, Ice & Miller, Baker & Daniels,* of counsel, of Indianapolis, for relators.

*Kothe & Shotwell,* of Indianapolis, for respondents.

*Grier M. Shotwell,* and *Kothe & Shotwell,* of counsel, of Indianapolis, as *amicus curiae.*

EMMERT, J.—The record and facts in this case are the same as those in *State ex rel. Marion County Plan*

*Commission* v. *Superior Court of Marion County, Room 5, et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516, *post,* with the exception that certain property owners filed in the respondent court on April 13, 1956, a complaint against James Russell Hardin, Elizabeth C. Hardin, Ruth Hardin, The Board of Commissioners of the County of Marion, Robert R. Hamilton, Lester R. Durham and Arthur Grayson as Members of the Board of Commissioners of the County of Marion, Marion County Plan Commission, R. Ray Fisher, as Building Commissioner, and as Clerk of the Improvement Location Department of the Marion County Plan Commission, The Kroger Company, and Cleveland, Cincinnati, Chicago and St. Louis Railway Company (also known as the New York Central Railway), praying for a restraining order and injunction to enjoin the issuance of any permit for the construction of any building, or the laying of any railroad track upon the real estate in controversy, or doing any act under authority of the proposed ordinance for rezoning, and from doing any act whatever not permitted by the permanent zoning ordinance as it existed before its amendment by operation of law. On April 25, 1956, the court set a hearing on the temporary injunction for May 15th, and on May 11th the court extended time for a hearing for ten days due to illness of counsel. On May 14th the plaintiffs again filed a motion for continuance which was granted.

The return by the respondent court alleges in substance that it had personal jurisdiction of all the defendants, and jurisdiction of the subject matter of the action there pending.

The complaint does not charge that the master zoning ordinance is void in its entirety, nor does it attempt to allege any effort by the aggrieved plaintiffs to seek relief by the provisions of the 1947 Zoning Act. Sec-

tion 53-755, Burns' Replacement,[1] provides the procedure for review of a decision of the county plan commission.

In *State ex rel. Marion County Plan Commission* v. *Superior Court of Marion County, Room 5, et al., supra,* we held the remedies prescribed by the 1947 Zoning Act were exclusive under the facts in that case. In *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 82, 18 N. E. 2d 764, this court held an aggrieved property owner was not entitled to an action for declaratory judgment unless it asserted the zoning ordinance was void in its entirety. In *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459, we again held an aggrieved property owner was not entitled to an action for declaratory judgment when it asserted that the zoning ordinance violated its constitutional rights as it applied and affected two parcels of its land, and that its remedies were those provided by the 1947 Zoning Act. The facts in the record in this original action affirmatively disclose no attempt to seek a review under §53-755, Burns' 1951 Replacement, and that would not be possible now for the jurisdictional time limitation has expired. The complaint failed to invoke the equity jurisdiction of the trial court, nor can it be amended to invoke it.

The temporary writ of prohibition is now made permanent.

---

1. "A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals.

"A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission's action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision.

". . . ." Section 53-755, Burns' 1951 Replacement.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 135 N. E. 2d 517.