RUTH VAN HORNE SQUARCY *v.* WILLARD VAN HORNE, JR., WINSLOW VAN HORNE, ESQ., WILLIAM B. VAN HORNE AND HELEN EMERY.

[No. 3-873A101. Filed January 23, 1975. Rehearing denied February 27, 1975. Transfer denied June 9, 1975.]

---

*Owen W. Crumpacker, Esq.,* of Hammond, for appellant.

*Willard B. Van Horne, Jr., Van Horne & Connelly,* of East Chicago, *Richard W. Johnson, Schroer, Eichhorn & Morrow,* of Hammond, *Winslow Van Horne, Van Horne & Van Horne,* of Auburn, for appellees.

GARRARD, J.—This appeal questions the ability of a trial court to sustain a motion to dismiss for lack of jurisdiction when the party opposing the motion has timely filed her own motion for a change of venue. Our opinion concludes that despite the pendency of a requested change of venue, a court may properly dismiss the cause where there is no jurisdiction of the case.

The facts relate to appellant's (contestor's) attempt to contest two codicils to the will of her father. The will and codicils were admitted to probate on September 1, 1972. Seven months and two days later, on April 3, 1973, the contestor filed her complaint to set aside probate of the codicils alleging that at the time of their execution, the testator was of unsound mind; that the codicils were unduly executed; that their execution was procured through undue influence; and that their execution was not the voluntary act of the testator.

In response the appellees filed a motion to dismiss asserting that the action was not commenced within the statutory six months limitation. Contestor then timely filed her motion for change of venue and appellees advised the court of their objection and desire to be heard in opposition to the requested change.

On April 26, 1973, the court heard argument, and then stated that it would hold in abeyance ruling on the requested change until it determined whether it had subject-matter jurisdiction. It then proceeded to consider the motion to dismiss and concluded that it was well taken.

On appeal the contestor argues that at the time the court sustained the motion to dismiss, it lacked jurisdiction to do anything but grant the requested venue change.

In support of this proposition counsel has ably brought to our attention the time-honored language of numerous decisions which recite that the duty of the court to grant a proper and timely motion for change of venue is mandatory, and that, indeed, the court is divested of jurisdiction to take further action, except in granting the change. See, e.g., *State* v. *Laxton* (1962), 242 Ind. 331, 178 N.E.2d 901; *Anderson* v. *Sell* (1971), 150 Ind. App. 262, 276 N.E.2d 194; *Moore* v. *Fletcher* (1964), 136 Ind. App. 478, 196 N.E.2d 422.

We note, initially, that in none of the cases cited does there appear the contention that the court was otherwise without jurisdiction of the cause. Furthermore, it is clear that, despite the language of some opinions, the divestiture of a court's jurisdiction to act after the filing of a proper request for change of venue is not absolute. Indiana Rules of Procedure, Trial Rule 78, expressly recognizes that:

> "Nothing in this rule shall be construed as divesting the original court of its jurisdiction to hear and determine emergency matters between the time that a motion for change of venue to another county is filed and the time that the court grants an order for the change of venue."

Perhaps the most meaningful answer to contestor's assertion lies in the rubric that the law does not require the per-

formance of meaningless acts. The danger, however, in such simple generalizations is that they may be misconstrued.

It is well recognized that lack of jurisdiction of the subject matter may be raised at any time. In fact, if it appears, it is the duty of the court *sua sponte* to both raise and determine the question. This rule applies not only to general subject-matter jurisdiction involving the authority of the court to determine the kind of case in question, but also to the specific jurisdictional averments necessary to the maintenance of special statutory proceedings. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N.E. 2d 441. See, also, *State ex rel. Shannon* v. *Hendricks Cir. Ct.* (1962), 243 Ind. 134, 183 N.E.2d 331; *King* v. *Harris* (1965), 140 Ind. App. 9, 212 N.E.2d 387. An action to contest a will is just such a special statutory proceeding. *Evansville Ice and Cold Storage Co.* v. *Winsor* (1897), 148 Ind. 682, 48 N.E.2d 592; *Brown* v. *Gardner* (1974), 159 Ind. App. 586, 308 N.E. 2d 424.

When there is a lack of subject-matter jurisdiction, the court has been said to be without jurisdiction to do anything in the case except to enter an order of dismissal. *Ayer, supra*. Accordingly, where an alleged lack of jurisdiction is brought to the attention of the court, determination of that issue takes precedence over ruling upon a requested change of venue. This conclusion is supported by our Supreme Court's decision in *State ex rel. Smith* v. *Chambers* (1937), 211 Ind. 640, 6 N.E.2d 950. In that action, proceedings had been commenced in Marion County to administer the estate of one Otto Smith. Subsequently, an action to contest the will of Smith was commenced and the executor filed a motion for change of venue. On the same day, the plaintiff in the will contest petitioned in the estate proceedings for a "revocation of probate". That petition asserted the probate court was without jurisdiction of the decedent's estate because at his death he had neither been a resident of Marion County nor had left property within the county.

It appears that there, as here, the trial judge did not deny the motion for change of venue but, instead, indicated that he would defer ruling upon it until he determined whether the petition asserting lack of probate jurisdiction was well taken. When the executor then sought a writ of mandate and prohibition to secure the change of venue, the Supreme Court, after noting the rule regarding the imperative duty of the courts to grant a change upon a proper and timely motion, stated:

". . . [T]he judge announced his willingness to grant the change of venue, but suggested that if it should be determined that the probate court had no jurisdiction of the will of Otto Smith, deecased, it would be a needless and useless ceremony to grant a change of venue in the will contest.

\* \* \*

It is apparent from the foregoing that the Marion Probate Court was proceeding in a proper and legal manner upon the question before it." 211 Ind. 643.

We turn then to consideration of whether the court's decision that the action be dismissed was correct.

The general rule is that in a will contest, compliance with the six month statute of limitations is jurisdictional. *Evansville Ice and Cold Storage Co., supra.* As noted in our decision in *Brown* v. *Gardner, supra,* two exceptions have been engrafted upon strict adherence to the six month requirement.

In *Estate of Cameron* v. *Kuster* (1968), 142 Ind. App. 645, 236 N.E.2d 626, admission of an unsigned unattested codicil to probate by a *nunc pro tunc* entry made two years after the will was probated did not prevent a contest of the codicil. It is unnecessary to consider the *Cameron* holding beyond noting that in the instant proceeding, the codicils, copies of which appeared as exhibits to the complaint, appeared on their face to be duly executed.

In *Fort* v. *White* (1913), 54 Ind. App. 210, 101 N.E. 27, a complaint to contest a will was deemed sufficient, although

filed beyond the statutory period, where the complaint affirmatively asserted that the plaintiff had been induced to refrain from a timely filing by the fraudulent misrepresentations of the defendants. However, in *Shipman* v. *Shipman* (1934), 99 Ind. App. 445, 192 N.E. 849, the court held that "fraudulent concealment" would not avoid the operation of the statute relating to a guardian's account where the plaintiffs had discovered the fraud in ample time to commence their action before the statutory period expired.

In the present case there was no allegation made to excuse strict compliance with the statute. In addition, the court had before it the affidavit of the contestor in which she stated that she first learned of the facts and circumstances establishing the invalidity of the codicils on January 1, 1973. There was no assertion of any action on the part of the appellees that induced her to refrain from commencing her action until after March 1, 1973, when the statute expired.

Accordingly, the court was clearly without jurisdiction and dismissal of the action was proper. *Brown* v. *Gardner, supra; Wilkinson* v. *Ritzmann* (1973), 158 Ind. App. 186, 301 N.E.2d 847.

Affirmed.

Staton, P.J. and Hoffman, J., concur.