Linda D. CAMPBELL, Appellant
(Respondent Below),

v.

Michael CAMPBELL, Appellee
(Petitioner Below).

No. 1–1178A332.

Court of Appeals of Indiana,
First District.

April 26, 1979.

Curtis M. Jacobs, Madison, Cooper, Cox, Jacobs & Kemper, for appellant.

Neil R. Comer, Comer & Schuerman, Osgood, for appellee.

ROBERTSON, Judge.

Respondent-appellant Linda D. Campbell (Linda) appeals from a trial court's ruling granting a change in custody of two of three minor children to petitioner-appellee Michael Campbell (Michael).

Michael and Linda were married, graced with three children and resided in Indiana for several years. Marital discord resulted in the dissolution of the unity in a proceeding in an Indiana court with the award of

all the children to Linda. The instant action was commenced by Michael with a petition to modify custody on August 17, 1978, shortly after Linda and the three children had moved to Texas. Michael apparently then moved to Florida and accepted employment and began negotiations for the purchase of a residence. Nevertheless, the proceedings continued in this State and resulted in the trial court granting two children to Michael and one to Linda.

Unfortunately, it appears that neither party saw fit to bring before the trial court the import of the Uniform Child Custody Jurisdiction Law (the Act), *Ind.Code* 31–1–11.6–1, *et seq.* And, although the parties have not briefed the issue, we are compelled to remand the case in order to further the laudable objectives of the Act and to bring to the attention of the practicing bar the necessity, in jurisdictional and practical terms, of complying with and implementing the provisions of the Act.

 We believe that failure to even consider, let alone comply with the Act goes to the very essence of the trial court's power to adjudicate a child custody dispute; that is, the threshold requirements of the Act are directed to the subject matter jurisdiction of the court. As such, the lack of such jurisdiction may be raised at any time by the parties, or *sua sponte* by a court of review. *Decatur County Rural Electric Membership Corporation v. Public Service Company,* (1971) 150 Ind.App. 193, 275 N.E.2d 857. Subject matter jurisdiction cannot be imposed by the consent of the parties (*Decatur County, supra*), and must be derived from statute or the Constitution. *Farley v. Farley,* (1973) 157 Ind.App. 385, 300 N.E.2d 375. It differs from jurisdiction over the particular case which may be waived. *See Board of Trustees of Town of New Haven v. City of Fort Wayne,* (1978) Ind., 375 N.E.2d 1112; *Public Service Company of Indiana, Inc. v. Decatur County Rural Electric Membership Corporation,* (1977) Ind.App., 363 N.E.2d 995.

 In this case we believe the Act is intended to be the exclusive source of authority to adjudicate a custody dispute.

The Act creates a two-tier approach to the issue of jurisdiction. The first contained in IC 31–1–11.6–3, is clearly intended to establish the general class of custody cases that will be within the trial court's jurisdiction. IC 31–1–11.6–3 provides:

Jurisdiction. (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state (A) is the home state of the child at the time of the commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (a) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence

in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody.

We believe this first level of analysis goes to the subject matter jurisdiction of the court for several reasons.[1] First, the title of the Act expressly refers to jurisdiction. Second, subsection (a) states that a court has jurisdiction *if* the case comes within the enumerated paragraphs (1)–(4).[2] Consistent therewith, subsection (b) states that jurisdiction may not be *conferred* by certain facts and subsection (c) speaks in terms of a prerequisite to jurisdiction. Third, one of the purposes of the Act is to "[a]void jurisdictional competition . . . ." IC 31–1–11.6–1(a)(1). Fourth, the *res judicata* effect of a custody decree is contingent upon the court having jurisdiction under IC 31–1–11.-6–3. IC 31–1–11.6–12. Fifth, this State is not required to give effect to a foreign decree unless such decree was entered under factual circumstances sufficient to satisfy the jurisdictional requirements of the Act. IC 31–1–11.6–13; *see Brooks v. Brooks*, 20 Or.App. 43, 530 P.2d 547 (1975).[3]

■ The second jurisdictional hurdle is embodied in IC 31–1–11.6–7 which provides:

Inconvenient forum.—(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

(b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;

(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate; and

(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 1 of this chapter.

(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by ei-

1. California has recognized that the first level of jurisdictional analysis pertains to subject matter jurisdiction and cannot be conferred by the parties. *Smith v. Superior Court of San Mateo County*, 68 Cal.App.3d 457, 137 Cal. Rptr. 348 (1977).

2. The court is *competent* to make the jurisdictional analysis, but this competency does not *create* subject matter jurisdiction over the merits of all custody proceedings.

3. We also deem it significant that the Act requires, which was not done here, that the parties submit under oath facts to aid the court in determining whether jurisdiction exists. IC

31–1–11.6–9. While it is generally not necessary to plead jurisdictional facts (*see, e. g., Cooper v. County Board of Review of Grant County*, (1971) 150 Ind.App. 232, 276 N.E.2d 533), such averments must be made in a special statutory proceeding. *See Squarcy v. Van Horne*, (1975) 163 Ind.App. 64, 321 N.E.2d 858, *and cases cited therein*. Such averments go to the subject matter jurisdiction of the court. *Squarcy, supra*. In this respect, the Act is analogous because subject matter jurisdiction cannot be established without the ascertainment of jurisdictional facts.

ther court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

(f) The court may decline to exercise its jurisdiction under this chapter if a custody determination is incidental to an action for dissolution of marriage or another proceeding while retaining jurisdiction over the dissolution of marriage or other proceeding.

(g) If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

(h) Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.

(i) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact.

Clearly, this second tier of inquiry is intended to vest only one state with jurisdiction at any given time.[4] It is another directive to the contestants to ensure that the policies of the Act will be given full force and effect.

In sum, we are bound to ascertain and give effect to the legislative intent by viewing the statute as a whole and the object to be achieved. *City of Muncie v. Campbell*, (1973) 156 Ind.App. 59, 295 N.E.2d 379; *Lewis v. Smith's Estate*, (1959) 130 Ind.App. 390, 162 N.E.2d 457. From the foregoing and the "purposes" section of the Act (IC 31-1-11.6-1), the legislature has adopted a scheme to combat the harassing and vindictive use of custody proceedings with the concomitant result of inconsistent judgments among the several states. Pursuant thereto, the legislature has focused on the best interests of the child and imposed a duty on litigants and the court to satisfy jurisdictional hurdles before a trial court may wield its power. If such power could be conferred, as here, by the voluntary submission of the parties to a particular forum, the legislative intent could be subverted and consideration of the best interest of the child accorded incidental weight.

Therefore, we are compelled to remand this cause to the trial court which, of course, is competent to decide the jurisdictional matters, and for further proceedings consistent therewith.

Reversed and Remanded.

LYBROOK, P. J., and LOWDERMILK, J., concur.

---

4. The Commissioners' notes state:

The purpose of this provision is to encourage judicial restraint in exercising jurisdiction whenever another state appears to be in a better position to determine custody of a child. It serves as a second check on jurisdiction once the test of sections 3 [IC 31-1-11.6-3] or 14 [IC 31-1-11.6-14] has been met.

9 Uniform Laws Annotated, p. 114 (1973).