In the Matter of the ESTATE OF Henry NIEMIEC, Deceased.

J. Robert NIEMIEC and Western State Bank, Appellants (Defendants Below),

v.

George H. NIEMIEC, Appellee (Plaintiff Below).

No. 3–1081A266.

Court of Appeals of Indiana, Third District.

May 25, 1982.

Daniel J. Harrigan, Bayliff, Harrigan, Cord, Maugans & Russell, P.C., Kokomo, for appellant J. Robert Niemiec.

Robert W. Mysliwiec, South Bend, for appellee George H. Niemiec.

STATON, Judge.

After the Estate of Henry Niemiec had been closed, the St. Joseph Probate Court

granted a motion to re-open the Estate. The personal representative brings this interlocutory appeal to raise the issue of whether the St. Joseph Probate Court erred when it granted the motion to re-open the Estate.

We reverse.

The deceased, Henry Niemiec, and his brother, James Niemiec, were part owners of the Western State Bank in South Bend, Indiana. Before his death, Henry Niemiec had James' name removed from a joint savings account with the Bank and substituted the name of J. Robert Niemiec, the son of his brother James who had been with the Bank since 1964. When Henry died in 1974, the savings account had a balance of $62,992.55. It was the largest asset in Henry's Estate.

Henry's Will was offered for probate and the Western State Bank was appointed personal representative of Henry's Estate on January 30, 1976. Notices of the administration of the Estate were published in a South Bend newspaper during February 1976. As secretary-cashier of the Western State Bank, J. Robert Niemiec handled the administration of Henry's Estate. After publication of the notice of the hearing on the final accounting of the Estate, the St. Joseph Probate Court ordered the final distribution of the Estate and the discharge of the Western State Bank as personal representative on March 14, 1979.

George Niemiec, the son of James Niemiec who died October 7, 1977, filed his original complaint against J. Robert Niemiec and Henry's Estate on March 23, 1981.[1] George based his original complaint on Ind. Code 29–1–1–24 by alleging that J. Robert Niemiec had committed fraud or that J. Robert Niemiec benefited from the fraud of Leonard Pryweller, a witness to Henry's Will, during the administration of Henry's Estate is the St. Joseph Probate Court. On April 6, 1981, J. Robert Niemiec filed his

---

1. Because of the confusion in the record, we have referred to the parties' briefs in tracing the chronology of this case.

answer and a motion for change of venue from the county. On May 20, the court ordered the original complaint separated into: (1) a complaint for fraud against J. Robert Niemiec; and (2) a complaint to reopen the Estate.

■ In response to the Court's order, George Niemiec filed on June 2, an amended complaint. Sixteen days later, J. Robert Niemiec filed a motion to dismiss the amended complaint and a motion for a change of venue from the judge.[2] On June 19, the Court denied the motion to dismiss. Later, on June 22, J. Robert Niemiec filed his answer alleging the complaint was untimely and barred by statute. On October 1, 1981, the probate court granted the motion for change of venue from the judge and the motion to reopen the Estate.

■ Actions to contest the validity of a will or to resist a probate of a will must be filed within five months after the will has been offered for probate. Ind.Code 29–1–7–17 (1976). After a will has been admitted to probate, only a will contest can present any question of the validity of the will. *In Re Estate of Plummer* (1966), 141 Ind.App. 142, 219 N.E.2d 917, 922. A proceeding to contest a will is a statutory action; it may be filed only within the time and upon grounds prescribed by the statutes. *Evansville Ice and Cold Storage Company v. Winsor* (1897), 148 Ind. 682, 48 N.E. 592, 593; *Modlin v. Riggle* (1980), Ind.App., 399 N.E.2d 767, 769 (*trans. denied*); *Brown .v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424, 426. The time limit prescribed by the statutes is jurisdictional. *Squarcy v. VanHorne* (1975), 163 Ind.App. 64, 321 N.E.2d 858, 860. Because George Niemiec failed to file an action within five months of January 30, 1976, the day which Henry's will was admitted to probate, his action is barred by Ind.Code 29–1–7–17 (1976).[3]

■ Although the general rule is that the will contest must be brought within the statutory period, the running of the statutory period will not foreclose a plaintiff from filing a will contest where the plaintiff has been induced to refrain from a timely filing by a fraudulent misrepresentation of the defendant. *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630, 635 (*rehearing denied*); *Fort v. White* (1913), 54 Ind.App. 210, 101 N.E. 27. The fraudulent conduct must have been the efficient or proximate cause of the failure to timely commence the action, and all the other elements entitling the plaintiff to equitable relief must be present. *Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424, 428. Where the plaintiff had discovered or reasonably could have discovered the fraud in ample time to commence the action within the statutory period, fraudulent conduct of the defendant would not toll the running of the five month statutory period. *Squarcy v. VanHorne* (1975), 163 Ind.App. 64, 321 N.E.2d 858, 860–61; *Shipman v. Shipman* (1934), 99 Ind.App. 445, 192 N.E. 849, 852.

■ We conclude that any alleged fraud committed by J. Robert or by Leonard Pryweller was not the proximate or efficient cause of George's failure to timely commence the action against the Estate. Public notice was given both of the opening and of the closing of the Estate. George reasonably could have discovered the fraud in ample time to commence his action within five months of the admission of Henry's will to probate.

Because we conclude that the probate court has acted without subject matter jurisdiction under Ind.Code 29–1–7–17, we reverse and remand to St. Joseph Probate Court with instructions to dismiss George Niemiec's complaint against the Estate pursuant to Trial Rule 12(B)(1).

---

**2.** In determining whether the motion for change of venue was timely filed, it is the original complaint and the original answer that trigger the time limitations found in Trial Rule 76. *State ex rel. Yockey v. Superior Court of Marion County* (1974), 261 Ind. 504, 307 N.E.2d 70, 71–72; *State ex rel. Katz v. Superior Court of Marion County* (1974), 261 Ind. 623, 308 N.E.2d 694.

**3.** We note that George's complaint for fraud against J. Robert based on Ind.Code 29–1–1–24 is unaffected by this decision regarding George's complaint against Henry's Estate.

Judgment reversed and remanded with instructions.

HOFFMAN, P. J., and GARRARD, J., concur.