**CARDINAL INDUSTRIES, INC.,**
Appellant (Defendant Below),

v.

**Dennis J. SCHWARTZ, et al., Appellees**
(Plaintiffs and Defendants Below).

No. 3-1084A288.

Court of Appeals of Indiana,
Third District.

Sept. 30, 1985.

James V. Woodsmall, Warrick, Weaver & Boyn, Elkhart, for appellant.

Richard W. Morgan, Kathleen K. Brickley, Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellees.

STATON, Presiding Judge.

Cardinal Industries, Inc. (Cardinal) appeals from a judgment granting declaratory and injunctive relief in favor of Dennis Schwartz, et al. (Schwartz), and raises two issues:

(1) Whether the trial court erred in declaring that the Board of Zoning Appeals for the City of Mishawaka has jurisdiction to review a decision by the Plan Commission for the City of Mishawaka; and

(2) Whether the trial court has jurisdiction to review the decision of the Plan Commission for the City of Mishawaka.

Reversed.

## I.

### Procedural Posture

Prior to the trial court granting declaratory and injunctive relief, the Plan Commission for the City of Mishawaka (Plan Commission) had rendered a decision which approved Cardinal's final site plan for its part of the city's Plan Unit Development (PUD). Schwartz first petitioned the Board of Zoning Appeals for the City of Mishawaka (Board) to review the decision. The city attorney informed Schwartz that the Board did not have jurisdiction. Schwartz filed a petition with the trial court seeking declaratory relief to establish that the Board had jurisdiction; and, injunctive relief mandating that the Board order the Plan Commission to hold a hearing de novo. Since Cardinal sought a building permit to augment its site plan, Schwartz's petition also sought to enjoin the Building Commissioner of the City of Mishawaka (Commissioner) from issuing the permit.

Cardinal moved to dismiss the suit for lack of subject-matter jurisdiction. Ind. Rules of Trial Procedure, TR. 12(B)(1). Schwartz moved to amend his complaint to include a petition for writ of certiorari against the Plan Commission for review of its decision. At a hearing on Cardinal's motion, Schwartz moved for summary judgment on his complaint. The trial court denied Cardinal's motion to dismiss and granted Schwartz's motion for summary judgment. Cardinal appeals.

## II.

### Jurisdiction of the Board

The trial court found that the Board had jurisdiction over the decision of the Plan Commission. Cardinal argues that the statute controlling the Board's jurisdiction does not allow the Board to review any decision by a plan commission. IC (1981),

§ 36–7–4–918.1 (Burns Code Ed., Supp.).[1] We agree.

Schwartz argues that IC (1981) § 36–7–4–918 (Burns Code Ed.) should apply as IC § 36–7–4–918.1 did not take effect until after the Plan Commission's approval of Cardinal's final site plan. This argument is erroneous. A statute will be given retrospective application where it merely provides a new remedy for existing rights or modifies procedures. *DeHart v. Anderson* (1978), 178 Ind.App. 581, 586, 383 N.E.2d 431, 435, rehearing granted; *McGill v. Muddy Fork of Silver Creek, etc.* (1977), 175 Ind.App. 48, 54, 55, 370 N.E.2d 365, 370. While IC § 36–7–4–918.1(2) does remove decisions of a Plan Commission from the Board's jurisdiction, that is merely a remedial measure as the right to appeal is still protected by presentation of a timely petition for writ of certiorari. IC (1981) §§ 36–7–4–1003(a) and 36–7–4–1016 (Burns Code Ed.). Therefore, no substantive rights are affected, the statute applies retroactively and the Board has no jurisdiction to review the Commission's decision.

Schwartz further contends that he is seeking review, not of the Plan Commission's decision but of the decision of its acting director that the final site plan conformed to the requirements of the P.U.D. and any hearing on the matter not requiring notice. Schwartz says he is thus appealing an order of an administrative official under IC § 36–7–4–918.1(1). However, Schwartz's complaint asks only for review of the Plan Commission's decision approving the final site plan. In fact, the decision of the acting director can be said to have merged with and is subsumed under the full Commission's decision. Thus, the Board would still have no jurisdiction.

### III.

#### Jurisdiction of the Court

Cardinal also argued that the trial court had no jurisdiction over the decision rendered by the Plan Commission. Cardinal contends that Schwartz's petition for writ of certiorari was untimely.[2] Schwartz replies that he received no notice of the Plan Commission's decision until early April. We agree that the court had no jurisdiction.

Generally, it is not necessary for a party to plead jurisdictional facts; however, specific jurisdictional averments must be made in the case of special statutory proceedings. *See Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606, 611; *Squarcy v. Van Horne* (1975), 163 Ind.App. 64, 67, 321 N.E.2d 858, 859. *See also Campbell v. Campbell* (1979), 180 Ind.App. 351, 353, 354, 388 N.E.2d 607, 608, 609. This is so because the general rule that subject-matter jurisdiction cannot be waived or conferred by agreement applies

---

1. IC § 36–7–4–918.1 reads in part:

   "A board of zoning appeals shall hear and determine appeals from and review:

   \* \* \* \* \* \*

   (2) Any order, requirement, decision, or determination made by an administrative board or other body except a plan commission in relation to the enforcement of the zoning ordinance. ..."

   The Plan Commission was acting in relation to the enforcement of the zoning ordinance. The legislative body must determine zoning districts when it passes the zoning ordinance. IC (1981) § 36–7–4–701(a) (Burns Code Ed., Supp.). If planning developments are to be allowed, they must be allowed by the legislative body when it passes the zoning ordinance. IC § 36–7–4–713(a). The Plan Commission has exclusive control over the approval of plats and replats in the development. IC § 's 36–7–4–701(b) and 36–7–4–713(b). The municipal ordinance in this case declared that a final site plan was to be treated like a plat. *See also* IC § 36–7–4–713(b).

2. *See* IC §§ 36–7–4–1016 and 36–7–4–1003.

   We note here that Schwartz's petition for writ of certiorari came in the form of an amended complaint filed outside of the time period specified by the statute. In *State ex rel. Hardin v. Superior Court of Marion County* (1956), 235 Ind. 604, 135 N.E.2d 517, our Supreme Court held that a complaint cannot be amended after expiration of the jurisdictional time limitation in order to conform the action to the statute. 235 Ind. at 606, 135 N.E.2d at 519. However, the Ind.Trial Rules, implemented after this decision, include provisions on the relation back of amended pleadings that cast doubt on the continued validity of *Hardin*. *See* TR. 15(C). *See also City of Hammond v. Board of Zoning Appeals* (1972), 152 Ind.App. 480, 484, 485, 284 N.E.2d 119, 123.

to the specific jurisdictional averments necessary to maintain the particular proceedings. *Downham, supra; Squarcy, supra.*

■ Schwartz asserted in the original complaint that he learned of the Plan Commission's decision in February, 1984, when he received notice of the Board's hearing on Cardinal's application for a location permit. In his response to Cardinal's motion to dismiss, Schwartz contended he did not actually learn of the decision until after some investigation, which led to discovery of the decision of the Plan Commission in late March or early April. Schwartz's amended complaint recited that he learned of the Plan Commission's decision in the first week of April.

The trial court found that Schwartz and the other petitioners had learned of the decision after April 5, 1984.[3] The only evidence of this is an affidavit from one of the petitioners. The affidavit, however, states only that the petitioner learned of this decision from Schwartz and another petitioner subsequent to April 5. Thus, the question of when Schwartz and the other petitioners received notice is not resolved. As Schwartz has made no jurisdictional averments, we need not discuss the question of whether and what kind of notice is required of a decision of a Plan Commission.

■ Reversed.[4]

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.

---

**3.** This would bring Schwartz's petition for writ of certiorari within the thirty day time limit of IC § 36–7–4–1003, assuming the limitation runs from the date actual notice of the decision was received. Schwartz filed his first complaint on May 7, 1984, which (allowing for May 5 and May 6 as a Saturday and Sunday respectively) would bring his petition within the thirty-day-time-limit. *See* TR. 6(A). *See also* note 2, *supra.*

**4.** The trial court granted Schwartz's injunction against the Commissioner to prevent the issuance of a building permit to Cardinal. We do not specifically address this issue as neither party has raised it on appeal. However, as the trial court's grant of injunctive relief against the Commissioner was predicated upon its erroneous assertion of the jurisdiction of the Board to review the Plan Commission's decision, the injunctive relief granted merged with the decision to grant jurisdiction to the Board. Therefore, the grant of an injunction against the Commissioner was also erroneous and must be reversed.