**Robert W. FARVER, d/b/a R.W. Farver & Sons, d/b/a Farver Supply Center, and Beverly J. Farver, Appellants–Defendants,**

v.

**DeKALB COUNTY FARM BUREAU, CO–OP CREDIT UNION, Appellee–Plaintiff.**

**No. 57A03–9008–CV–338.**

Court of Appeals of Indiana, Third District.

Aug. 29, 1991.

M. Robert Benson, Timothy Logan, Fort Wayne, for appellants-defendants.

Gerald M. McNerney, Butler, Thomas W. Belleperche, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee-plaintiff.

---

1. In this action the parties waived the arbitration only provision.

GARRARD, Judge.

*Facts and Procedural History*

This is an interlocutory appeal from the trial court's order appointing a receiver to take possession of certain real estate owned by Robert and Beverly Farver (the Farvers). The DeKalb County Farm Bureau Cooperative Association Credit Union (the credit union) is the mortgagee on seventy-two acres owned by the Farvers. The credit union has a mortgage dated September 20, 1987, on forty of the acres and two mortgages, one dated January 24, 1983, and the other dated May 9, 1985, on the other thirty-two acres. The Farvers are leasing fifty-seven of the acres as farmland. They are also leasing five of the acres with a building as business property.

The Farvers originated this case by filing a complaint requesting damages and other relief from the credit union. The credit union later filed a claim for foreclosure against the Farvers. The actions were consolidated and the trial court designated the credit union as plaintiff and the Farvers as defendants. Thus, the action may be characterized as a mortgage foreclosure with a counterclaim.

While this mortgage foreclosure action was pending the credit union filed a motion for the appointment of a receiver. Following a hearing on the motion, the trial court found that I.C. 34–1–12–1(4) required it to appoint a receiver for the real estate involved. The trial court's order granting the appointment of a receiver is the subject of this appeal.

*Discussion and Decision*

■ In reviewing an interlocutory order appointing a receiver we construe the evidence along with all reasonable inferences in favor of the trial court's action and do not reweigh the evidence. Before we will reverse such an order we must find an abuse of discretion which prejudices the complaining party. *Crippin Printing Corp. v. Abel* (1982), Ind.App., 441 N.E.2d 1002, 1005.

■ The question in this case is whether the trial court's appointment of a receiver over the Farvers' leased farm and business real estate was an abuse of discretion. The facts are not in dispute. The question is one of statutory interpretation and application.

We find that the trial court's appointment of a receiver was not an abuse of discretion. In fact, it was required to appoint a receiver by I.C. 34–1–12–1(4).[1] The

1. 34–1–12–1 Appointment; cases where authorized

Sec. 1. A receiver may be appointed by the court in the following cases:

(1) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim.

(2) In actions between partners, or persons jointly interested in any property or fund.

(3) In all actions when it is shown that the property, fund or rent, and profits in controversy, is in danger of being lost, removed, or materially injured.

(4) *In actions in which a mortgagee seeks to foreclose a mortgage, except that upon motion by the mortgagee the court shall appoint a receiver if at the time the motion is filed the property is not occupied by the owner as the owner's principal residence and:*

(A) it appears that such property is in danger of being lost, removed, or materially injured;

(B) it appears that such property may not be sufficient to discharge the mortgaged debt;

(C) *either the mortgagor or the owner of the property has agreed in the mortgage or in*

*some other writing to the appointment of a receiver;*

(D) a person not personally liable for the debt secured by the mortgage has, or is entitled to, possession of all or a portion of the property;

(E) the owner of the property is not personally liable for the debt secured by the mortgage; or

(F) *all or any portion of the property is being, or is intended to be, leased for any purpose.*

(5) When a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights.

(6) To protect or preserve, during the time allowed for redemption, any real estate or interest therein sold on execution or order of sale, and to secure to the person entitled thereto the rents and profits thereof.

(7) In such other cases as may be provided by law, or where, in the discretion of the court, it may be necessary to secure ample justice to the parties.

I.C. 34–1–12–1 (emphasis added).

statute clearly requires the court to appoint a receiver when the general conditions of section (4) and any one of its six conditions (A)–(F) are met. The court has discretion whether to appoint a receiver under other sections of the statute but under section (4) appointment is mandatory once the statutory conditions are met. *See United Rural Electric Membership Corp. v. Indiana & Michigan Electric Co.,* (1990) Ind., 549 N.E.2d 1019, 1022.

The evidence presented at the hearing established that the sixty-two acres for which the court appointed a receiver were not occupied by the Farvers as their principal residence and that all sixty-two acres were being leased to nonparties.[2] Thus, the conditions of I.C. 34–1–12–1(4)(F) were met and the court was required to appoint a receiver upon motion by the mortgagee.

The evidence also shows that the Farvers agreed to the appointment of a receiver in the 1983 and 1985 mortgages on thirty-two of the acres. The court was therefore required to appoint a receiver for those thirty-two acres under I.C. 34–1–12–1(4)(C) as well.

The Farvers cite *Johnson v. LaPorte Bank & Trust* (1984), Ind.App., 470 N.E.2d 350 for the proposition that appointment of a receiver is inappropriate unless the property is in danger of being lost, removed, or materially injured, or is not sufficient to discharge the mortgaged debt. The court in *Johnson* was simply interpreting and applying I.C. 34–1–12–1 as it existed at that time.[3] Subsequent to that case, in 1986, the statute was substantially revised to its current form. Because *Johnson* was applying statutory conditions which are no longer part of the statute, the portions of the case applying those conditions are no longer binding.

■ The Farvers also argue that because they entered into the mortgages prior to the revision of the statute, the revised statute does not apply. The argument is without merit. IC 34–1–12–1 does not alter, or even address, the substantive rights of the parties. It merely changes procedures involved in obtaining a previously existing remedy. As such, the fourth subsection became applicable in all mortgage foreclosure proceedings from and after its effective date. *Cardinal Industries v. Schwartz* (1985), Ind.App., 483 N.E.2d 458, 460; *McGill v. Muddy Fork of Silver Creek Watershed Conservancy District* (1977), 175 Ind.App. 48, 370 N.E.2d 365, 370.

**2.** The Farvers allege that the credit union did not properly introduce sufficient evidence to support these facts. This argument is without merit as the record clearly shows at pages 439–54 that the court admitted the credit union's request for admissions and the Farvers' answer, the credit union's request for production of documents and the Farvers' answer, and the deposition of Robert Farver. These documents contain sufficient evidence to support the trial court's factual findings.

**3.** When *Johnson* was decided I.C. 34–1–12–1 read as follows:

34–1–12–1 Appointment; cases where authorized

Sec. 1. A receiver may be appointed by the court, or the judge thereof in vacation in the following cases:

First. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim.

Second. In actions between partners, or persons jointly interested in any property or fund.

Third. In all actions when it is shown that the property, fund or rent, and profits in controversy, is in danger of being lost, removed or materially injured.

Fourth. *In actions by a mortgagee for the foreclosure of a mortgage, and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed or materially injured; or when such property is not sufficient to discharge the mortgaged debt, to secure the application of the rents and profits accruing before a sale can be had.*

Fifth. When a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights.

Sixth. To protect or preserve, during the time allowed for redemption, any real estate or interest therein sold on execution or order of sale, and to secure to the person entitled thereto the rents and profits thereof.

Seventh. And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties.

I.C. 34–1–12–1 (emphasis added).

■■■■■■■■■■■■■■■■■■■■■■■■■■

Finally, the Farvers' interpretation of revised I.C. 34–1–12–1(4) as applying only to petitions for receivership from persons other than the mortgagee is far-fetched, contrary to the plain wording of the statute, and based upon a misquote of the statute. Section (4) does not read "except upon application of the mortgagee ..." but rather, "except that upon motion by the mortgagee...." It is clear on the face of the statute that the mandatory provisions in section (4) apply to motions by a mortgagee and not to motions by anyone except a mortgagee.

Affirmed.

STATON and SULLIVAN, JJ., concur.