**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 06 2012, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**C. WARREN NERZ**
Nerz Walterman, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**MARILYN R. RATLIFF**
**KAY L. PECHIN**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK VAN EATON and CYNTHIA VAN EATON VALLIMONT, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1108-MF-434 |
| | ) | |
| GERMAN AMERICAN BANCORP, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-1105-MF-013

**June 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

German American Bancorp ("GAB") filed a foreclosure action against Seventy-Six, LLC, contending Seventy-Six defaulted on its mortgage for commercial real estate. GAB subsequently moved for the appointment of a receiver for the purpose of accepting an offer from a third party to purchase the real estate. After a hearing, the trial court granted GAB's motion and appointed a receiver for the purpose of selling the real estate, and Mark Van Eaton and Cynthia Van Eaton Vallimont (the "Appellants"), both twenty-five percent owners of Seventy-Six and defendants in the foreclosure proceeding, filed this interlocutory appeal, raising the sole issue of whether the trial court abused its discretion in appointing a receiver for the purpose of selling the real estate at issue in the underlying foreclosure action. Concluding the requirements for the appointment of a receiver were met, but the trial court erred by giving the receiver the authority to sell the real estate at a private sale before a sheriff's sale could be held, we remand.

## Facts and Procedural History

In August 2006, Seventy-Six borrowed $1.5 million from GAB, and secured the loan by a mortgage on commercial real estate: 2601 and 2603 Hart Street, Vincennes, Indiana ("the Property"). At the time the loan was issued, Seventy-Six was owned by R. David Van Eaton and his wife, Gloria Van Eaton. In 2007, however, their interests in Seventy-Six were transferred in equal shares to their four children, Mark Van Eaton, Cynthia Van Eaton Vallimont, Rebecca Van Eaton, and Deborah Van Eaton Ward.

2

The operating agreement of Seventy-Six named R. David Van Eaton as its manager, and it requires a seventy-five percent majority vote in order to take certain actions, including selection of a new manager to whom owners may delegate authority. Sadly, R. David Van Eaton passed away in December 2011. Since then, it appears from the record that the four owners of Seventy-Six have been unable to agree on a new manager to take over the day-to-day activities of the company.

The Property has been partly vacant since the filing of the underlying foreclosure action in May of 2011. Westport Chrysler has moved into one section of the Property after experiencing flooding at its place of business in May. Westport Chrysler is paying rent, but no written lease exists for its tenancy. Sometime during the latter part of R. David Van Eaton's tenure as manager of Seventy-Six, he listed the Property for sale. In June of 2011, BDE Farms, LLC, offered $900,000 for the Property, and GAB thereafter moved for the appointment of a receiver for the purpose of accepting BDE Farms's offer.

Pursuant to Indiana Trial Rule 19(A), the Appellants filed a motion for joinder of persons needed for just adjudication, and the trial court ordered them joined as defendants. After a hearing, the trial court appointed a receiver and limited the receiver's authority in its order: "The Receiver is authorized and directed to accept the presently pending offer to purchase the Receivership property from BDE Farms, LLC, for the sum of $900,000, . . ." and "[o]ther than as set out above, and without further Order of this Court, other than as necessary to comply with the conditions precedent to the obligation of BDE Farms, LLC to purchase the property . . ., the Receiver shall have no authority to do any acts in connection

3

with the Receivership property . . . ." Appellants' Appendix at 5. The Appellants now appeal.

Discussion and Decision

I. Standard of Review

When reviewing the appointment of a receiver, we construe the evidence and all reasonable inferences from such evidence in favor of the trial court's action and we do not reweigh the evidence. Farver v. DeKalb Cnty. Farm Bureau, Co-op Credit Union, 576 N.E.2d 1361, 1362 (Ind. Ct. App. 1991). To reverse an order appointing a receiver, we must find an abuse of discretion which prejudices the complaining party. Id.

II. Appointment of a Receiver

The Appellants raise two arguments. First, they contend GAB did not establish the statutory requirements for the appointment of a receiver provided in Indiana Code section 32-30-5-1. Second, they argue that even if the statutory requirements for the appointment of a receiver were met, a receiver cannot be appointed for the purpose of selling real estate at a private sale prior to a sheriff's sale.

A. Indiana Code section 32-30-5-1

Indiana Code section 32-30-5-1 provides:

A receiver may be appointed by the court in the following cases:
* * *
(4) In actions in which a mortgagee seeks to foreclose a mortgage. However, upon motion by the mortgagee, the court shall appoint a receiver if, at the time the motion is filed, the property is not occupied by the owner as the owner's principal residence and:
(A) it appears that the property is in danger of being lost, removed, or materially injured;

4

(B) it appears that the property may not be sufficient to discharge the mortgaged debt;

(C) either the mortgagor or the owner of the property has agreed in the mortgage or in some other writing to the appointment of a receiver;

(D) a person not personally liable for the debt secured by the mortgage has, or is entitled to, possession of all or a portion of the property;

(E) the owner of the property is not personally liable for the debt secured by the mortgage; or

(F) all or any portion of the property is being, or is intended to be, leased for any purpose.

Here, the mortgage includes an appointment of receiver provision:

Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

Appellants' App. at 22.

It is undisputed that 1) the Property is not occupied by Seventy-Six or any of its members as their principal residence; 2) Seventy-Six agreed in the mortgage to the appointment of a receiver; and 3) at least some portion of the Property is being leased. Thus, the requirements of Indiana Code section 32-30-5-1 have been met and a receiver could properly be appointed. However, the Appellants argue in the alternative that while a receiver may be appropriate in these circumstances, the trial court erred by granting the receiver the authority to sell the real estate privately prior to a sheriff's sale.

B. Private Sale

The Appellants contend the trial court erred in granting the receiver the authority to sell the Property prior to a sheriff's sale and cites Wells Fargo Bank, N.A. v. Tippecanoe Assoc., LLC, 923 N.E.2d 423 (Ind. Ct. App. 2010), trans. denied, for support. GAB contends, however, that our prior holding in Wells Fargo is irrelevant because, it argues, the Appellants have waived this issue and/or they do not have standing to raise it. As to both of GAB's contentions, we disagree. GAB is correct that, generally, an issue cannot be raised for the first time on appeal. However, the Appellants' alternative argument is that the trial court erred in appointing the receiver for the specific purpose of selling the Property at a private sale. While GAB is correct that the Appellants have not previously asserted this specific argument in support of its overall argument that the receiver's appointment was improper, the Appellants did contest the appointment of the receiver generally. Thus, we conclude the issue raised by the Appellants is not being raised for the first time on appeal, and it is therefore not waived.

Regarding GAB's standing argument, we again agree with the general premise of GAB's contention – that the statutory right of redemption is held by the owner(s) of real property. However, the Appellants were each individually joined as defendants in the underlying foreclosure proceeding as "persons needed for just adjudication." Appellant's App. at 40. We therefore conclude the Appellants had standing to contest the appointment of a receiver for the purpose of selling the Property at a private sale.

In Wells Fargo, Tippecanoe Associates, LLC, borrowed $15.2 million, secured by a mortgage on commercial real estate. Eventually Tippecanoe's payments became untimely

6

and it entered default. Wells Fargo, the mortgagee, initiated a foreclosure action against Tippecanoe. Soon thereafter, Wells Fargo sought the appointment of a receiver, and the trial court granted Wells Fargo's motion and appointed a receiver, authorizing the receiver "to sell the Tippecanoe property at a private sale, without Tippecanoe's consent, before a sheriff's sale could even be held." Id. at 427. We concluded the appointment of a receiver was mandatory pursuant to Indiana Code section 32-30-5-1; however, we stated that "[t]he only 'sale' contemplated by the statutes governing receiverships over mortgage property is a sheriff's sale," (citing Ind. Code § 32-29-7-3, -4, -7, -8, -9, -10), and "all property owners are entitled to redeem their property up to the date on which their property is sold by the sheriff." Id. at 432. We concluded:

> [A]ny receiver charged with preserving and maintaining mortgaged property must do so through the date of the sheriff's sale and may not sell the real property prior to that time without the owner's consent. By giving the receiver herein the authority to sell the Tippecanoe property prior to a sheriff's sale and without Tippecanoe's consent, the trial court stripped Tippecanoe of its statutory right of redemption.

Id. at 433.

For the same reasons articulated in Wells Fargo, we conclude the trial court erred to the extent it gave the receiver of the Property the authority to sell the Property at a private sale prior to a sheriff's sale.

## Conclusion

Although the requirements of Indiana Code section 32-30-5-1 were met and the trial court could properly appoint a receiver over the Property, the trial court erred by giving the receiver the authority to sell the Property at a private sale before a sheriff's sale could take

7

place. We therefore remand and instruct the trial court to amend the receivership order consistent with this opinion.

Remanded with instructions.

BAILEY, J., and MATHIAS, J., concur.